773 So.2d 1263 (2000)
Stephen K. HART, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3576.
District Court of Appeal of Florida, First District.
December 22, 2000.
*1264 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Stephen K. Hart appeals sentences imposed after he was convicted of four felonies. We reverse all four sentences imposed when he was sentenced for the second time, because the trial court no longer had jurisdiction then. We need not, therefore, reach appellant's contentions that these sentences were illegal on other grounds. On account of conceded scoresheet errors, we also reverse the sentences originally pronounced, and remand for resentencing.
In accordance with Florida Rule of Criminal Procedure 3.800(b)(2), Mr. Hart's appellate counsel filed a timely motion to correct sentencing errors that occurred at the first sentencing. More than sixty days elapsed thereafter without entry of an order on the motion.
The motion to correct sentencing error was deemed denied, and the trial court's jurisdiction came to an end, once sixty days passed with no action on the motion. See Fla. R.Crim. P. 3.800(b)(1)(B); Kimbrough v. State, 766 So.2d 1255, 1256 (Fla. 5th DCA 2000) (holding "that the Rule 3.800(b) motion, which was not decided within 60 days of filing, is deemed denied and any order rendered more than 60 days from the filing of the motion is a nullity"). The trial court thereafter purported nevertheless to grant the motion, set aside the original sentences, and impose new sentences.
As the trial court's belated effort to grant the motion to correct sentencing error recognized, the motion was well founded. Filed under Rule 3.800(b)(2), the motion preserves for appellate review appellant's contention that scoresheet errors affected the original sentencing. See Maddox v. State, 760 So.2d 89, 94 (Fla. 2000). Accordingly, on the basis of the scoresheet errors complained of in the motion, we reverse all four sentences originally imposed.
The four original sentences as well as the four sentences subsequently pronounced are reversed, and the case is remanded for resentencing, after consideration of corrected scoresheets.
JOANOS and WOLF, JJ., concur.