813 So.2d 1002 (2002)
Eric SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4241.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*1003 Valentin Rodriguez, Jr. of Valentin Rodriguez, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In this appeal from appellant's conviction and sentence for armed robbery and aggravated assault, he contends that the trial court erred in denying the motion to suppress his statements on the ground that they were the product of an illegal stop. We affirm because the stop was supported by reasonable suspicion supplied by the BOLO received by the investigating officer. See Pierre-Louis v. State, 682 So.2d 669, 670-71 (Fla. 4th DCA 1996) (holding that even if a BOLO lacks specific descriptions, it will support an investigatory stop based upon the totality of the circumstances, including the officer's immediate contact with the defendant after hearing the BOLO and the defendant's suspicious conduct consistent with guilt).
Appellant also contends the trial court erred in sentencing him under both section 775.087(2)(a), Florida Statutes (1999), the Prison Releasee Reoffender Punishment Act ("PRRPA"), and section 775.082(3)(a) ("10-20-Life"). The court sentenced appellant under the PRRPA to life for robbery with a firearm, five years each for two counts of aggravated assault, and fifteen years for possession of a firearm by a convicted felon, all to run concurrently. Pursuant to section 775.082(3)(a), the court imposed the same prison terms for each count but ordered that each was to run consecutively. In Grant v. State, 770 So.2d 655, 659 (Fla.2000), the court held that when the defendant qualifies for sentencing under the PRRPA, a trial court may not sentence a defendant to a sentence under a separate sentencing statute that is equal to the PRRPA sentence. Only where the separate sentence is greater than the PRRPA sentence may it be imposed.
In this case, the sentences entered pursuant to section 775.087(2)(a) were not greater than the PRRPA sentences. We reject the state's contention that because the "10-20-Life" sentences were to run consecutively, they were thus greater than the PRRPA sentence. The court's power to run sentences consecutively is not the criterion to determine whether a separate sentencing statute is greater than a sentence under the PRRPA; rather, it is the sentence that appears on the face of the statute that governs. We therefore reverse and remand to vacate those sentences imposed under section 775.087(2)(a).
FARMER and KLEIN, JJ., concur.