814 So.2d 1163 (2002)
Thomas Brant BLAKE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4757.
District Court of Appeal of Florida, First District.
April 16, 2002.
*1164 Nancy A. Daniels, Public Defender, and Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Sherri T. Rollison, Assistant Attorney General, Tallahassee, for Appellee.
POLSTON, J.
Appellant Thomas Brant Blake was charged by information with leaving the scene of an accident resulting in death, in violation of sections 316.027(1)(b) and 316.062, Florida Statutes (2000). Appellant pled guilty without a plea agreement and was sentenced to 15 years in prison. The last 8 years of the sentence were suspended with probation under various specified conditions. Appellant appeals two issues of the trial court's sentencing: (i) the suspension of Appellant's driver's license for life or the maximum allowable by law, and (ii) the requirement that Appellant view an autopsy of a person who lost their life as a result of an alcohol-related event. We reverse and remand for resentencing.

I.
After Appellant filed a timely notice of appeal but before the initial brief was filed in this Court, he filed a motion pursuant to Fla. R.Crim. P. 3.800(b)(2) addressing these same issues. The trial court did not rule within 60 days, but subsequently held a hearing on the motion and issued an order modifying the sentence to provide that: (i) the defendant shall not operate or be in actual control of a motor vehicle as a condition of probation, and (ii) the condition of probation that defendant must view an autopsy is amended so that the viewing is with the consent of the deceased's family or if the deceased has no family, and if such an opportunity does not arise, then the defendant may view a videotape of an autopsy.
The State argues that this subsequent order modifying the sentence moots Appellant's appeal. We disagree, and rule that the "motion to correct sentencing error was deemed denied, and the trial court's jurisdiction came to an end, once sixty days passed with no action on the motion." Hart v. State, 773 So.2d 1263, 1264 (Fla. 1st DCA 2000)(applying the 60-day limitation to a 3.800(b)(2) motion). The trial court's subsequent order modifying the sentence is a nullity. See Kimbrough v. State, 766 So.2d 1255, 1256 (Fla. 5th DCA 2000)(holding that "the Rule 3.800(b) motion, which was not decided within 60 days of filing, is deemed denied and any order rendered more than 60 days from the filing of the motion is a nullity.").

II.
Although the Department of Highway Safety and Motor Vehicles has the authority to revoke Appellant's driver's license, the trial court lacks authority to suspend his license. See e.g., Ferris v. State, 558 So.2d 179, 180 (Fla. 2d DCA 1990)(holding that trial court lacked jurisdiction to suspend defendant's driver's license); §§ 316.027(2) and 322.26(4), Fla. Stat. (2000). Accordingly, we reverse the trial court's suspension of Appellant's driver's license.

III.
Appellant argues, citing Bodden v. State, 411 So.2d 1391 (Fla. 1st DCA 1982), that the trial court's special condition of probation requiring him to view an autopsy *1165 is unlawful because it is punishment rather than reasonably related to rehabilitation. Appellant argues that since he was not charged with DUI manslaughter and viewing an autopsy has no connection with leaving the scene of an accident involving death, the trial court abused its discretion by requiring this autopsy viewing. However, the evidence indicates that Appellant fled the scene of the accident because he had been drinking alcohol before driving and had alcohol in his vehicle at the time of the accident. Accordingly, we conclude that this special condition of probation is reasonably related to rehabilitation and is not cruel and unusual punishment.
However, Appellant also argues that this requirement is an intrusion into the privacy interests of the family of the person whose autopsy he observes. Without addressing whether Appellant has standing to raise this argument, we recognize that the family has legal interests in the decedent's body, and therefore instruct the trial court to consider these interests upon resentencing. See Crocker v. Pleasant, 778 So.2d 978 (Fla.2001)(holding that Florida recognizes a claim of entitlement by the next of kin to possession of the remains of a decedent, therefore the next of kin may bring a § 1983 claim arising from alleged deprivation of procedural due process); § 406.135, Fla. Stat. (2001)(restricting access to autopsy photographs, video, and audio recordings).[1]
REVERSED and REMANDED for resentencing.
WEBSTER and LEWIS, JJ., concur.
NOTES
[1] We do not comment on the constitutionality of this statute because the issue is not before us.