841 So.2d 488 (2003)
Terry A. COTE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4591.
District Court of Appeal of Florida, Second District.
January 29, 2003.
Rehearing Denied March 5, 2003.
Michael P. McDaniel of C. Ray McDaniel, P.A., Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Danilo Cruz-Carlino, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Terry A. Cote challenges his judgment and sentence for possession of cannabis in excess of twenty grams. We find merit in one sentencing issue raised in this appeal. Although this error is unpreserved, it is an error that renders the sentence illegal. Just as a trial court has authority to correct an illegal sentence at any time under Florida Rule of Criminal Procedure 3.800(a), we hold that this court has authority under Florida Rule of Appellate Procedure 9.140(i)[1] to require a trial court to correct a facially illegal sentence even if a challenge to the illegal sentence has not been preserved.
Mr. Cote was adjudicated guilty and sentenced to two years' probation with the condition that he serve six months in the county jail. However, the written sentence states that Mr. Cote's probation is to be served consecutive to his jail term. Thus, the written sentence varies from the oral pronouncement and results in a longer sanction than that orally imposed. Mr. Cote failed to seek correction of his written *489 sentence pursuant to either rule 3.800(b)(1) or (b)(2). Therefore, this sentencing error was not preserved.
Dicta in Maddox v. State, 760 So.2d 89 (Fla.2000), suggests that defendants would be barred from raising unpreserved sentencing errors on direct appeal after the effective date of the amendments to rule 3.800(b). Three district courts of appeal have adopted this interpretation, which in our view appears to limit appellate review beyond the level envisioned by the legislature when it enacted section 924.051, Florida Statutes (Supp.1996), as part of the Criminal Appeal Reform Act of 1996.[2]
We need not decide whether to join our sister courts in their interpretation of Maddox because we conclude that this sentencing error can and should be corrected under the authority of rule 9.140(i), which states that "in the interest of justice the court may grant any relief to which any party is entitled." In Maddox, the supreme court addressed the preservation requirements imposed by section 924.051(3) and rule 9.140(e)[3] and anticipated "that the interests of justice should be served by the ability of appellate counsel to first raise [an otherwise unpreserved sentencing] issue in the trial court prior to filing the first appellate brief." Id. at 98. What Maddox does not address is the situation in which appellate counsel fails to file a rule 3.800(b)(2) motion and an illegal sentence appears on the face of the record in a direct appeal. It can hardly be said that the interests of justice are served by an interpretation of Maddox that would prevent this court from exercising its inherent authority, expressly recognized in rule 9.140(i), to grant relief from such errors. There can be no question that a defendant is entitled to relief from an illegal sentence.
Mr. Cote is serving a sentence that differs from the sentence actually imposed by the sentencing judge and, more importantly, is longer than the sentence pronounced. This sentence is illegal under Carter v. State, 786 So.2d 1173 (Fla.2001), because a judge is never authorized to impose a written sentence that increases the length of the sentence beyond the term orally pronounced. Because his sentence is illegal, Mr. Cote would be entitled to relief pursuant to rule 3.800(a). Therefore, we invoke our authority pursuant to rule 9.140(i), reverse Mr. Cote's sentence, and remand for the trial court to resentence Mr. Cote in conformity with the orally pronounced sentence. Mr. Cote need not be present.
Reversed and remanded with directions.
STRINGER, J., concurs.
BLUE, C.J., concurs specially with an opinion.
BLUE, Chief Judge, concurring specially.
I agree fully with Judge Fulmer's well-written and well-reasoned opinion. I write to point out that the failure to preserve error in this case must be the result of ineffective counsel. That being so, this defendant is entitled to have the prejudicial error of an illegal sentence corrected. To fail to do so at this time would require additional circuit court proceedings and possibly an additional appeal to this court. This would not be the best use of judicial resources. Furthermore, in cases like this *490 one that involve short sentences, it is possible that a defendant could complete an illegal sentence before it was corrected. As Maddox points out, the State "has no interest in any defendant serving a sentence that is longer than the sentence authorized by law." 760 So.2d at 99.
NOTES
[1] This rule was formerly found in Florida Rule of Appellate Procedure 9.140(h).
[2] See Reese v. State, 763 So.2d 537 (Fla. 4th DCA 2000); Capre v. State, 773 So.2d 92 (Fla. 5th DCA 2000); Harvey v. State, 786 So.2d 595 (Fla. 1st DCA), op. on denial of reh'g, 786 So.2d 28 (Fla. 1st DCA), review granted, 797 So.2d 585 (Fla.2001).
[3] This rule was formerly found in Florida Rule of Appellate Procedure 9.140(d).