840 So.2d 1117 (2003)
Cedric FRASILUS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1189.
District Court of Appeal of Florida, Fifth District.
March 21, 2003.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellant.
SHARP, W., J.
Frasilus appeals after he was placed on drug offender probation for three years, following entry of a guilty plea to possession of cocaine with intent to *1118 sell.[1] He argues in this Anders[2] appeal that the trial court erred in denying his motion to suppress evidence of drugs which were seen by the police in plain view through an open motel room door. We find no merit to this argument. He also raises a sentencing error, which we agree has merit.
At the sentencing hearing, the court withheld adjudication and placed Frasilus on drug offender probation. The trial court also imposed as a special condition of probation that his driving privileges were revoked for a period of two years. This special condition was not (based on the record before us) orally pronounced in court, but rather first appeared in the written judgment and sentence.
Frasilus filed an appeal and thereafter a timely motion pursuant to Florida Rule of Criminal Procedure 3.800(b), challenging the validity of the condition of probation which revoked his driving privileges. The trial court failed to rule on this claimed sentencing error within 60 days. Thus, it is deemed denied and is preserved for consideration on appeal. See Hart v. State, 773 So.2d 1263 (Fla. 1st DCA 2000); Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000).
Frasilus argues the special condition was improper as applied to him because section 322.055(1), Florida Statutes,[3] requires a "conviction." As noted above, Frasilus' adjudication was withheld. In Raulerson v. State, 763 So.2d 285, 290 (Fla.2000), the court noted that the term "convicted" is "chameleon-like," drawing its meaning from the particular statutory context in which it is used, quoting State v. Keirn, 720 So.2d 1085, 1086 (Fla. 4th DCA 1998).[4] Not unexpectedly, appellate courts do not always agree with one another on the implication of the context for this "slippery" term.[5]
We do not reach the merits of the issue as to whether section 322.055, Florida Statutes requires an adjudication of guilt to be applicable, because the imposition of this special condition of probation in this case presents a clear and simple error.[6] The transcript of the sentencing hearing discloses the special condition was not orally pronounced at sentencing. Thus it must be stricken. Maddox v. State, 760 *1119 So.2d 89 (Fla.2000); State v. Williams, 712 So.2d 762 (Fla.1998); Edwards v. State, 814 So.2d 1197 (Fla. 2d DCA 2002); Rothery v. State, 757 So.2d 1256 (Fla. 5th DCA 2000). We agree with the state that in a proper case, a trial judge could impose as a condition of probation that a defendant not drive.[7] But that did not occur in this case, nor was it orally pronounced.
AFFIRMED in part; REVERSED in part; Special Condition of Probation STRICKEN.
SAWAYA, J., concurs.
THOMPSON, CJ., concurs specially in result only.
NOTES
[1] § 893.13(1)(a)(1), Fla. Stat. (2001).
[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[3] "Notwithstanding the provisions of s. 322.28, upon the conviction of a person 18 years of age or older for possession or sale of... a controlled substance, the court shall direct the department to revoke the driver's license or driving privilege of the person...."
[4] See State v. McFadden, 772 So.2d 1209 (Fla. 2000) (holding when cross-examining a defendant or witness for impeachment purposes as to prior convictions, cases where adjudication was withheld are not "convictions"); Cella v. State, 831 So.2d 716 (Fla. 5th DCA 2002) (stating that a defendant who has adjudication withheld and who successfully completes the term of probation imposed is not a convicted person).
[5] See Negron v. State, 799 So.2d 1126 (Fla. 5th DCA 2001) (defendant who pled and adjudication withheld and who successfully completed probation should not be scored with a conviction under the guidelines). But see Montgomery v. State, 821 So.2d 464 (Fla. 4th DCA 2002), rev. granted, SC02-1943, 837 So.2d 410 (Fla. Jan. 8, 2003) (opposing view on same issue).
[6] We also do not address the question of whether the statute authorizes a trial court to revoke a defendant's driving privileges when it only authorizes the trial court to direct the Department of Highway and Motor Vehicles to revoke driver's licenses or driving privileges. See Blake v. State, 814 So.2d 1163 (Fla. 1st DCA 2002).
[7] See, e.g., Blair v. State, 554 So.2d 1226 (Fla. 2d DCA 1990); Callahan v. State, 550 So.2d 79 (Fla. 2d DCA 1989).