842 So.2d 1054 (2003)
Craig SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4050.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions for robbery with a firearm and carjacking with a firearm. However, we reverse and remand appellant's sentence. Appellant was given two life sentences for these convictions as a Prison Releasee Reoffender pursuant to section 775.082(9)(a)3, Florida Statutes ("PRRPA"). Appellant was also given two ten-year mandatory minimum sentence pursuant to section 775.087(2)(a), *1055 Florida Statutes ("10-20-Life"). The mandatory minimum sentences imposed were not greater than appellant's life sentences as a Prison Releasee Reoffender. Therefore, they are illegal and must be set aside. See Smith v. State, 813 So.2d 1002, 1003 (Fla. 4th DCA 2002)(reversing and remanding for resentencing where sentence pursuant to 10-20-Life statute was not greater than the PRRPA sentences); see also Grant v. State, 770 So.2d 655, 659 (Fla.2000).
Appellant filed a motion pursuant to rule 3.800(b)(2), Florida Rules of Criminal Procedure, to correct the illegal sentence on June 6, 2002. The trial court did not grant the motion until August 20. As explained in Blake v. State, 814 So.2d 1163 (Fla. 1st DCA 2002), a trial court's jurisdiction to rule on a motion to correct a sentencing error ends once sixty days pass with no action on the motion. Id. at 1164 (citing Hart v. State, 773 So.2d 1263, 1264 (Fla. 1st DCA 2000)). As a result, the trial court's subsequent order modifying appellant's sentence was a nullity. Id. (citing Kimbrough v. State, 766 So.2d 1255, 1256 (Fla. 5th DCA 2000)).
Accordingly, we reverse appellant's ten-year mandatory minimum sentences and remand this case with instructions to resentence appellant to two life sentences as a Prison Releasee Reoffender.
REVERSED and REMANDED for resentencing.
SHAHOOD, TAYLOR and MAY, JJ., concur.