862 So.2d 815 (2003)
Jessie HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3363.
District Court of Appeal of Florida, Fourth District.
December 3, 2003.
Rehearing Denied December 30, 2003.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We withdraw our opinion filed on September 10, 2003 and substitute the following opinion. Jessie Hill was convicted of one count of robbery with a firearm. We find all arguments relating to Hill's conviction unpersuasive and affirm his conviction. However, we reverse and remand Hill's sentence.
The trial court sentenced Hill to life in prison without parole as a prison releasee reoffender under the Prison Releasee Reoffender Punishment Act in section 775.082(9)(a)3 of the Florida Statutes ("PRRPA"). The trial court also imposed a ten-year mandatory minimum sentence for the use of a firearm under sections 775.087(2) and (3) of the Florida Statutes.
When a defendant meets the requirements for sentencing under the PRRPA, a trial court may not sentence the defendant under another sentencing statute where the sentence under the other statute is equal or lesser than that imposed under the PRRPA. Smith v. State, 813 So.2d 1002, 1003 (Fla. 4th DCA 2002) *816 (citing Grant v. State, 770 So.2d 655, 659 (Fla.2000)). A defendant who qualifies for sentencing under the PRRPA may be sentenced under another sentencing statute only when the sentence under the other statute is greater than that under the PRRPA. Id. Here, the ten-year mandatory minimum was not greater than the life sentence imposed under the PRRPA. Therefore, Hill's sentence was illegal. See Scott v. State, 842 So.2d 1054, 1055 (Fla. 4th DCA 2003); Brady v. State, 839 So.2d 836, 837 (Fla. 4th DCA 2003); Smith, 813 So.2d at 1003.
Accordingly, we reverse Hill's ten-year mandatory minimum sentence and remand this case with instructions to resentence Hill to a life sentence without parole under the PRRPA.
REVERSED AND REMANDED for resentencing.
FARMER, C.J., GUNTHER and TAYLOR, JJ., concur.