869 So.2d 10 (2004)
Jessie HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3362.
District Court of Appeal of Florida, Fourth District.
January 21, 2004.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
*11 Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jessie Hill was convicted of one count of robbery with a firearm. We find all arguments relating to Hill's conviction unpersuasive and affirm his conviction. However, we reverse and remand Hill's sentence.
In Hill v. State, 862 So.2d 815(Fla. 4th DCA 2003), a case involving these same parties, we considered the trial court's imposition of the same sentence in relation to Hill's conviction for robbery with a firearm in another incident. In both cases, the trial court sentenced Hill to life in prison without parole under the Prison Releasee Reoffender Punishment Act ("PRRPA") in section 775.082(9)(a)3, Florida Statutes (2002). In both cases, the trial court also imposed a ten-year mandatory minimum sentence for the use of a firearm under section 775.087(2) and (3).
As we stated in Hill v. State, 862 So.2d 815 (Fla. 4th DCA 2003), it is improper to sentence a defendant who meets the requirements for sentencing under the PRRPA under another sentencing statute where the sentence imposed under the other statute is not greater than that imposed under the PRRPA. Smith v. State, 813 So.2d 1002, 1003 (Fla. 4th DCA 2002) (citing Grant v. State, 770 So.2d 655, 659 (Fla.2000)). As in Hill, the ten-year mandatory minimum was not greater than the life sentence imposed under the PRRPA. Therefore, Hill's sentence was improper.
Accordingly, we reverse Hill's ten-year mandatory minimum sentence and remand this case with instructions to resentence Hill to a life sentence without parole under the PRRPA.
REVERSED AND REMANDED for resentencing.
FARMER, C.J., GUNTHER and MAY, JJ., concur.