PER CURIAM.
Steven Rodriguez belatedly appeals from an order dated March 18, 2003, correcting his original sentences for manslaughter and strong-arm robbery as both a habitual violent felony offender and as a prison releasee reoffender. The State concedes that the order correcting Rodriguez’s original sentence should have stricken the habitual violent felony offender sentence since that sentence did not exceed the prison releasee reoffender sentence. See Grant v. State, 770 So.2d 655, 659 (Fla.2000); Miller v. State, 780 So.2d 277, 280-281 (Fla. 3d DCA 2001); Walls v. State, 765 So.2d 733, 734 (Fla. 1st DCA 2000).
The State further concedes that the appropriate sentence that Rodriguez should receive as a prison releasee reoffender for the two second degree felonies to which he pled guilty is 15 years. See § 775.082(9)(a)(3)c, (9)(b) Fla. Stat. (2003).
The order correcting sentence is therefore reversed and this matter remanded to resentence Rodriguez by striking the habitual violent felony offender sentence and resentencing him to 15 years as a prison releasee reoffender.