877 So.2d 838 (2004)
Ronald FRAZIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1522.
District Court of Appeal of Florida, Third District.
July 7, 2004.
*839 Bennett H. Brummer, Public Defender and J. Rafael Rodriguez, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Meredith L. Balo, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER, and SHEPHERD, JJ.
PER CURIAM.
We find no merit to appellant's arguments that the trial court failed to conduct an adequate Nelson inquiry[1] and Faretta hearing[2] or that the trial court abused its discretion in denying a juror's request to take notes during the trial. Accordingly, we affirm the convictions.
The appellant also argues that the trial court erred in sentencing him to concurrent minimum mandatory life sentences as a prison releasee reoffender (PRR) and a violent career criminal. We disagree as to his sentence for robbery with a firearm but agree as to his sentences for two counts of carjacking with a firearm and attempted first degree murder with a firearm.
The Florida Supreme Court, in Grant v. State, 770 So.2d 655 (Fla.2000), held that although concurrent sentences as a PRR and a habitual felony offender did not violate double jeopardy, the imposition of such sentences did violate the PRR act itself. Citing to Walls v. State, 765 So.2d *840 733, 734 (Fla. 1st DCA 2000), the court stated:
[B]ecause "section 775.082(8)(c) only authorizes the court to deviate from the [Act's] sentencing scheme to impose a greater sentence of incarceration," a trial court is "without authority to sentence [a defendant to an equal sentence] under the habitual felony offender statute," even where such sentence is imposed concurrently with the PRR sentence. Thus, the trial court erred in imposing two concurrent, equal sentences in this case, not because such sentencing violated double jeopardy, but because it is not authorized by the Act.
Id. at 659; Bloodworth v. State, 790 So.2d 1032, 1033 (Fla.2001); Martin v. State, 813 So.2d 1036 (Fla. 3d DCA 2002); Watts v. State, 789 So.2d 547 (Fla. 3d DCA 2001).
Thus, pursuant to Grant, the appellant was properly sentenced for robbery with a firearm, a first degree felony. Under the PRR Act, a first degree felony is punishable by thirty (30) years imprisonment. See § 775.082(8)(a)2.b., Fla. Stat. (1997). As a violent career criminal, however, the appellant faced life imprisonment for this first degree felony. See § 775.084(4)(c)1., Fla. Stat. (1997). Since this life sentence as a violent career criminal was greater, the trial court's imposition of the same was not error.
The trial court's imposition of the concurrent life sentences for the two counts of carjacking was error because the sentence for each carjacking conviction under both the PRR Act and the Violent Career Criminal Act is life. As the State properly concedes, pursuant to section 775.082, a court may impose a concurrent sentence under section 775.084 only if it is a greater sentence. Since these sentences are equal, the appellant must be resentenced on these counts. See Rodriguez v. State, 863 So.2d 1287 (Fla. 3d DCA 2004); Miller v. State, 780 So.2d 277 (Fla. 3d DCA 2001); Martin v. State, 813 So.2d 1036 (Fla. 3d DCA 2002); Bromell v. State, 777 So.2d 438 (Fla. 4th DCA 2001).
Likewise, the appellant needs to be resentenced for his conviction of attempted first degree murder with a firearm. Pursuant to section 777.04(4)(b), an attempted capital felony is a first degree felony but not a felony punishable by life. In this case, however, since the jury found that the appellant used a firearm, the crime is reclassified as a life felony pursuant to section 775.087(1)(a). Consequently, his sentence under the PRR Act and Violent Career Criminal Statute would be life and thus equal. Therefore, he must also be resentenced for this conviction as well.
Accordingly, we affirm the appellant's conviction and sentence for robbery with a firearm. However, we vacate his sentence for two counts of carjacking and one count of attempted first degree murder and remand for resentencing.
Affirmed in part and vacated and remanded in part.
NOTES
[1] See Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973).
[2] See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).