879 So.2d 660 (2004)
William Arden ENGLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1357.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
*661 William Arden England, Daytona Beach, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
William Arden England appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. England argues that his sentence is illegal because the trial court failed to orally pronounce four special conditions of probation that were included in the written probation order.[1] We agree and reverse those portions of the trial court's order indicated herein.[2]
The 1988 sentencing documents show that the sentencing court imposed, in writing only, conditions of probation (1) prohibiting England from frequenting bars or liquor lounges without permission; (2) requiring England to obtain psychiatric/mental health counseling; (3) requiring England to attend alcohol/drug rehabilitation programs; and (4) requiring England to submit to physical and chemical examinations to determine use of controlled drugs. Although these conditions appear on the written sentencing form, a review of the sentencing transcript shows that none of these conditions was orally imposed and no attachment indicates that England agreed to the imposition of special conditions of probation as part of a plea agreement. See, e.g., Garcia v. State, 722 So.2d 905 (Fla. 3d DCA 1998) (holding that special condition prohibiting defendant from practicing law was part of plea agreement and defendant waived any right to object when he entered the agreement). When these conditions are properly analyzed as special conditions of probation, the failure of the sentencing court to orally impose these special conditions at sentencing requires that they be stricken. See Maddox v. State, 760 So.2d 89 (Fla.2000); State v. Williams, 712 So.2d 762 (Fla.1998); Frasilus v. State, 840 So.2d 1117 (Fla. 5th DCA 2003).
When reviewing England's rule 3.800(a) motion, the trial court reached a contrary result based upon its conclusion that the four conditions challenged by England were authorized by statute and therefore were properly imposed even though they were not orally pronounced. The trial court based its conclusion on section 948.03, Florida Statutes (1987),[3] which lists the general conditions of probation that *662 need not be orally imposed and ends with the statement that "the enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper." § 948.03(7), Fla. Stat. (1987). The trial court broadly interpreted the quoted provision of the statute to incorporate the conditions imposed upon England as general conditions of probation. We cannot agree that this "catch-all" provision converts any unlisted condition into a general condition that need not be orally pronounced.
In addition to its analysis of section 948.03, the trial court found that the condition imposing psychiatric evaluation and mental health counseling on England was specifically authorized by section 948.03(6). This statute requires a court to order diagnosis, evaluation and treatment for persons convicted of committing lewd and lascivious assault or act on a child or in the presence of a child; sexual battery of a child; or exploitation of a child. As a general condition of probation authorized by section 948.03, no oral statement of the condition at sentencing would have been required. Had the attachments provided by the trial court established that England was convicted of sexual battery on a child, this court would have affirmed the imposition of this condition upon England as a general condition of probation. However, the attached judgment only confirms that England was convicted of sexual battery on a person 12 years or older, in violation of section 794.011(3), Florida Statutes (1987). It does not show that the victim in England's case was, in fact, a child. The burden is on the trial court to attach portions of the record conclusively refuting a facially sufficient claim in a rule 3.800(a) motion. See Thomas v. State, 854 So.2d 743 (Fla. 5th DCA 2003).[4]
Neither can the condition requiring England to submit to physical and chemical examinations to determine any use of controlled drugs be upheld under any alternative analysis. Drug testing was not added as a general condition of probation until after England was convicted. See Ch. 88-122, Laws of Fla. At the time of England's offense, drug testing was not a general condition and therefore had to be orally imposed to be sustainable. Similarly, the condition prohibiting England from frequenting bars is a special condition that should have been orally pronounced. See, e.g., Story v. State, 866 So.2d 702 (Fla. 2d DCA 2003); Murphy v. State, 704 So.2d 1116 (Fla. 2d DCA 1998).
As the attachments provided by the trial court fail to establish that the conditions of probation were mandated by statute or were orally pronounced, or alternatively, that England expressly agreed to the special conditions, the trial court's order is reversed and the case remanded. Should the trial court again deny England's motion, the trial court must attach the portions of the record that conclusively refute his claims.
AFFIRMED in part; REVERSED in part; REMANDED.
THOMPSON and PLEUS, JJ., concur.
NOTES
[1] A rule 3.800(a) motion is the proper vehicle to address a discrepancy between the oral pronouncement of a sentence and the written order of sentence. See Berthiaume v. State, 864 So.2d 1257 (Fla. 5th DCA 2004); see also Cote v. State, 841 So.2d 488 (Fla. 2d DCA 2003) (holding that written sentence that provided for probation consecutive to jail time and varied from oral pronouncement that jail time be a condition of probation was illegal sentence). But see Rinderer v. State, 857 So.2d 955 (Fla. 4th DCA 2003) (finding that discrepancy between written and oral sentence is not cognizable in a rule 3.800(a) motion).
[2] The trial court agreed with England that another condition of probation regarding restitution had to be struck and that the written sentence imposing a 30-year term of probation had to be corrected to conform to the oral pronouncement imposing a 20-year term of probation. We affirm that portion of the order on review without further comment.
[3] Throughout its order, the trial court referenced both the 1985 and 1987 statutes because, consecutive to the 40-year sentence he received in one 1987 case, England was also sentenced to concurrent terms of probation in a 1985 case and an additional 1987 case. Because the pertinent statutory language appears in both the 1985 and 1987 statutes, this opinion cites to only the 1987 statutes for ease of reference.
[4] Although the attached record does establish that England was declared to be a mentally disordered sex offender pursuant to section 917.016, Florida Statutes (1987), that statute only gives the trial court the discretion to order treatment for a sex offender placed on probation. Treatment is not mandated. Thus, when treatment is imposed as a condition of probation, it constitutes a special condition, which must be orally pronounced.