912 So.2d 74 (2005)
Roy McDONALD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-115.
District Court of Appeal of Florida, Fourth District.
September 28, 2005.
Abe Bailey, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
EN BANC
PER CURIAM.
Roy McDonald appeals the denial of his Florida Rule of Criminal Procedure *75 3.800(a) motion which raised five claims of an illegal sentence. We affirm the trial court's denial of all five claims. We write to address two of the claims and sit en banc to recede from a series of prior decisions by this court which the state has shown are clearly contrary to the plain meaning and legislative intent of the 10-20-LIFE statute. § 775.087, Fla. Stat. (2000).
McDonald was convicted after jury trial of five felony counts: carjacking with a firearm, two counts of robbery with a firearm, aggravated fleeing and eluding, and grand theft auto. Because he committed these offenses just over two months after being released from prison, McDonald was properly designated and sentenced as a prison releasee reoffender (PRR) on the first three counts which are enumerated offenses under the PRR statute. § 775.082(9)(a)1, Fla. Stat. (2000). The trial court imposed concurrent mandatory life sentences on the carjacking with a firearm and robbery with a firearm counts. § 775.082(9)(a)3a, Fla. Stat. (2000). As a PRR, McDonald must serve 100 percent of his life sentences and is not eligible for any form of early release. § 775.082(9)(b), Fla. Stat. (2000).
In addition to these mandatory minimum life sentences as a PRR, the trial court imposed concurrent ten-year mandatory minimum sentences on these counts for McDonald's possession of a firearm during the offenses. § 775.087(2)(a)1, Fla. Stat. (2000) (10-20-LIFE statute). Our decision today concerns the legality of imposing mandatory minimum penalties under the PRR statute concurrently with the mandatory minimum penalties of the 10-20-LIFE statute.
In Grant v. State, 770 So.2d 655 (Fla. 2000), the supreme court was faced with the question of whether sentencing a defendant as both a PRR and habitual felony offender (HFO) for the same offense was permissible. The court determined that a fifteen-year sentence imposed as an HFO and with a concurrent fifteen-year mandatory minimum as a PRR for the single offense of sexual battery did not violate double jeopardy. Id. at 659. See Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (holding that the double jeopardy clause's protection against multiple punishments merely prohibits punishment greater than the legislature intended). Although the fifteen-year HFO sentence with a fifteen-year mandatory minimum term as a PRR did not violate double jeopardy, the court determined that the equal terms violated "the express provisions of the [PRR] Act." Id.
The court explained that the PRR statute, section 775.082(9)(c), Florida Statutes, provides: "Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law." Our supreme court, agreeing with Walls v. State, 765 So.2d 733, 734 (Fla. 1st DCA 2000), interpreted this section as prohibiting sentencing under another statute unless the sentence under the other statute is greater. Grant, 770 So.2d at 659. The supreme court's interpretation that the PRR act prohibited lesser or equal sentences under another provision of law, such as the HFO statute at issue, resulted from the absence of any other statutory provision showing the legislative intent regarding the interaction between the PRR and HFO statutes. Id.
In McDonald's case, the 10-20-LIFE statute's express provisions require that the mandatory minimum terms of incarceration be included even where those terms are less than the sentence authorized under the PRR statute or any other provision of law. Section *76 775.087(2)(a)3(c), Florida Statutes (2000), provides:
If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed. If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.

(Emphasis added).
The legislature could not have been any clearer in setting forth its intent that all criminals who possess or use firearms during the commission of the enumerated felonies must suffer the mandatory minimum penalties of the 10-20-LIFE law:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted.

§ 775.087(2)(a)3(d), Fla. Stat. (2000) (emphasis added). The section of the PRR statute interpreted in Grant must be read together with the clear statement of legislative intent in the 10-20-LIFE law. See Mills v. State, 822 So.2d 1284, 1288 (Fla. 2002) (finding that in the absence of contrary legislative intent related statutes should be read in pari materia).
This interpretation gives the above sections of the 10-20-LIFE statute their plain and ordinary meaning. State v. Burris, 875 So.2d 408, 410 (Fla.2004) (holding that statutes must be construed to give effect to legislative intent and, where no ambiguity exists, the statute's plain and ordinary meaning must control). To the extent the provisions of the PRR statute and the 10-20-LIFE law could be seen as conflicting, the specific provisions of the 10-20-LIFE law should control over the general provisions of the PRR statute. Adams v. Culver, 111 So.2d 665, 667 (Fla. 1959) (explaining that "a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms").
We have considered whether the imposition of concurrent mandatory minimum sentences on a single offense violates double jeopardy and determine it does not. See Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) (holding that "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended"). Here, the legislative intent that the 10-20-LIFE mandatory minimum penalties be imposed for all qualifying felony counts is crystal clear. See also State v. Smith, 547 So.2d 613 (Fla.1989) (adopting Hunter analysis for double jeopardy claims of this type).
Before today's decision, this court had extended the holding of Grant to the situation presented here, concurrent lesser or equal mandatory minimum terms under the 10-20-LIFE law. Smith v. State, 813 So.2d 1002, 1003 (Fla. 4th DCA 2002); Brady v. State, 839 So.2d 836, 837 (Fla. 4th DCA 2003); Scott v. State, 842 So.2d 1054 (Fla. 4th DCA 2003); Hill v. State, 862 So.2d 815, 815 (Fla. 4th DCA 2003); Hill v. State, 869 So.2d 10, 11 (Fla. 4th DCA), *77 rev. denied, 871 So.2d 874 (Fla.2004); Malcolm v. State, 873 So.2d 378 (Fla. 4th DCA 2004). We hereby recede from these prior decisions and any other decisions to the contrary. The holding of Grant does not extend to mandatory minimum terms under the 10-20-LIFE law.
Also, because the Second District has followed our precedent on this matter, we certify conflict with the decisions of the Second District which now conflict with today's decision. Hall v. State, 837 So.2d 1179, 1180 (Fla. 2d DCA 2003); Helms v. State, 890 So.2d 1256 (Fla. 2d DCA 2005).
Finally, we must address one final matter. In his motion, McDonald claimed that he was improperly given mandatory life sentences for his convictions for robbery with a firearm, a first degree felony punishable by life. § 812.13(2)(a), Fla. Stat. (2000). McDonald claims that under the PRR statute the mandatory sentence for robbery with a firearm is thirty years in prison. § 775.082(9)(a)3, Fla. Stat. (2000).
McDonald relies on the Third District's decision in Frazier v. State, 877 So.2d 838 (Fla. 3d DCA 2004) (stating that robbery with a firearm is punishable by thirty years in prison under the PRR). We disagree and certify conflict with the decision in Frazier. Our supreme court has held that the PRR statute requires a mandatory life sentence be imposed for any felony punishable by life, including first degree felonies punishable by life. Knight v. State, 808 So.2d 210, 212 (Fla.2002) (holding that "[t]he statute does not use the term `life felony,' but rather uses the term `felony punishable by life,' which includes both life felonies and first degree felonies punishable by life").
The trial court's order denying McDonald's rule 3.800(a) motion is affirmed.
Affirmed.
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, FARMER, KLEIN, SHAHOOD, GROSS, TAYLOR, HAZOURI and MAY, JJ., concur.