PER CURIAM.
Bryan Plummer (Appellant) appeals the denial of his 3.800(b) motion, three eviden-tiary rulings, and a ruling that section 316.193, Florida Statutes (2002), is constitutional. We reverse the denial of Appellant’s 3.800(b) motion and affirm the trial court on the other issues without discussion.
While driving under the influence of alcohol, Appellant collided with an oncoming vehicle causing the death of three people and the serious bodily injury of another. Consequently, Appellant was charged with DUI manslaughter (Counts I — III); DUI resulting in serious bodily injury (Count IV); and vehicular homicide (Counts V-VII). A jury found Appellant guilty as charged on Counts I-IV and guilty of the lesser offense of culpable negligence for Counts V-VII.
At the sentencing hearing, the trial court abated Counts V-VII (because they violated double jeopardy) and orally sentenced Appellant to a total of 36 years in prison. Appellant’s written judgments also sentenced him to a total of 36 years, but ■ adjudicated guilt and imposed sentences on all seven counts with his Criminal Punishment Code (CPC) scoresheet assessing .6 points for the previously abated culpable negligence counts.
After the sentencing hearing, Appellant filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) contending: (1) his 36-year total sentence exceeded the maximum sentence allowed under the CPC, because the trial court incorrectly believed the statutory max for Counts I — III was 20 years instead of 15 years; (2) the written judgments and sentences for Counts V-VII violated double jeopardy and needed to be vacated; and (3) the scoresheet points for Count IV were illegal pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the jury never made an express finding that the “serious” bodily injury was “severe.”
The State conceded Appellant’s first two contentions, but disagreed with Appellant’s third contention that the severe bodily injury scoresheet points were illegal. The trial court granted Appellant’s motion more than 60 days after it was filed; thus, it is deemed to have been denied. See, e.g., Hart v. State, 773 So.2d 1263 (Fla. 1st DCA 2000). Nevertheless, because Appel *37 lant filed the motion under rule 3.800(b)(2), his contentions are preserved for our review. Fla. R.Crim. Proc. 3.800(b)(2); see also Hart, 773 So.2d at 1264.
The trial court properly assessed score-sheet points for severe bodily injury. See Arrowood v. State, 843 So.2d 940, 941 (Fla. 1st DCA 2003) (“The jury’s findings of DUI manslaughter and DUI serious bodily injuries support the imposition of the death and severe victim injury points.”). However, as the State concedes, the sentences on Counts I — III exceed the 15-year statutory máximums, and the written judgments and sentences as well as the score-sheet points for Counts V-VII violate double jeopardy.
We reverse Appellant’s sentences and remand for resentencing. On remand, the trial court must announce a separate sentence on each count. See Fla. R.Crim. Proc. 3.701(d)(12). Although the trial court may again sentence Appellant to a total of 36 years, the court may not exceed the statutory máximums for Counts I — III and must use a corrected CPC scoresheet.
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN, LEWIS, and HAWKES, JJ., concur.