PER CURIAM.
Eric Mallon appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion seeking to have an alleged discrepancy between the oral pronouncement of sentence and the written sentencing order resolved.[1] Specifically, Mallon’s motion acknowledges that the written sentencing order imposed consecutive minimum mandatory terms on his two life sentences, but contends that when it orally imposed the sentence, the trial court actually imposed concurrent minimum mandatory terms.[2] Accordingly, Mallon asserts that his sentences should be corrected to reflect their concurrent nature because the error is clear from the face of the record.
Mallon has raised a facially sufficient claim for rule 3.800(a) relief that the trial court, by summarily denying the motion, has failed to conclusively refute. On remand, the trial court shall determine whether the written sentence conforms to the oral pronouncement. If they do, the trial court shall attach written portions of the record conclusively refuting Mallon’s claim.
REVERSED and REMANDED.
SAWAYA, TORPY and EVANDER, JJ„ concur.

. "A rule 3.800(a) motion is the proper vehicle to address a discrepancy between the oral pronouncement of a sentence and the written order of sentence.” England v. State, 879 So.2d 660, 661 n. 1 (Fla. 5th DCA 2004); Berthiaume v. State, 864 So.2d 1257, 1258 (Fla. 5th DCA 2004).

. Mallon relies on the trial court’s oral statement at sentencing that it was "going to adjudicate you guilty and sentence you to life in prison with a minimum mandatory of 25 years. That will be followed by 20 years of probation as concurrent on counts one and two.” Parenthetically, we note that the 20-year term of probation was stricken from Mallon's sentence in his direct appeal. Mallon v. State, 626 So.2d 1125 (Fla. 5th DCA 1993).