983 So.2d 630 (2008)
Ivan Robert MOBLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2815.
District Court of Appeal of Florida, Fifth District.
May 9, 2008.
Rehearing Denied June 12, 2008.
*631 James S. Purdy, Public Defender, and Edward J. Weiss, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Ivan Mobley appeals his sentence for possession of a firearm by a convicted felon and resisting arrest with violence.[1] The issue before this court is whether a mandatory minimum sentence under the Prison Releasee Reoffender (PRR) statute, section 775.082(9), Florida Statutes (2000), must be imposed concurrently with a mandatory minimum sentence under section 775.087, Florida Statutes (2000) (the 10-20-LIFE statute), when the mandatory minimum sentences are based on separate and distinct offenses. We hold that a 10-20-LIFE sentence can be imposed consecutively with a PRR sentence when the sentences are based on separate and distinct offenses.
Mobley was sentenced to a five-year mandatory minimum sentence pursuant to the PRR statute for resisting arrest with violence, consecutive to a three-year mandatory minimum sentence pursuant to the 10-20-LIFE statute for possession of a firearm by a convicted felon.[2] Mobley argues that under McDonald v. State, 957 So.2d 605 (Fla.2007), his 10-20-LIFE sentence must run concurrently with his PRR sentence.
In McDonald, the Florida Supreme Court reviewed the decision of the Fourth District in McDonald v. State, 912 So.2d 74 (Fla. 4th DCA 2005). There, the defendant was convicted of carjacking with a firearm and two counts of robbery with a firearm. He was sentenced to concurrent mandatory life sentences under PRR for the carjacking and robbery charges and concurrent ten-year mandatory minimum sentences on those counts for McDonald's possession of a firearm during the offenses. Id. at 74.
The Fourth District considered "the legality of imposing mandatory minimum penalties under the PRR statute concurrently with the mandatory minimum penalties of the 10-20-LIFE statute." Id. at 75. The court found that the 10-20-LIFE statute clearly expressed the Legislature's intent that the 10-20-LIFE sentence be imposed concurrently even where another statutory sentence is greater. Id. at 76. Accordingly, the court receded from its prior holdings in which it had extended Grant v. State, 770 So.2d 655 (Fla.2000), to *632 the 10-20-LIFE statute to prohibit concurrent sentencing where the 10-20-LIFE statute would impose a sentence equal to or less than the sentence under the PRR statute.
In McDonald, 957 So.2d 605, the supreme court agreed with the Fourth District and held that a mandatory minimum sentence pursuant to the 10-20-LIFE statute must be imposed concurrently with a PRR sentence even when the 10-20-LIFE sentence is the lesser sentence. The supreme court specifically dealt with the legislative intent that there be certain minimum mandatory sentences imposed for the use of a firearm in the commission of a crime, "regardless of whether a greater sanction may be imposed under another statutory provision." Id. at 609.
Both of these cases involved the appropriateness of sentencing a defendant for one offense under both the 10-20-LIFE statute and the PRR statute. Consequently, McDonald did not address the issue before this court: whether mandatory minimum sentences under PRR and 10-20-LIFE can be imposed consecutively when each mandatory minimum sentence is based upon a separate crime. Mobley was subject to a PRR sentence for resisting with violence and a 10-20-LIFE sentence for possession of a firearm by a convicted felon. He did not face the stacking of mandatory minimum sentences for the same count, nor did he face the stacking of mandatory minimums under one statute for separate counts; instead, he faced mandatory minimum sentences under different statutes for separate counts based upon his status in one charge and his conduct in the other.
We further note that both the 10-20-LIFE statute and the PRR statute have a common legislative intent to "punish to the fullest extent of the law." McDonald, 912 So.2d at 76 (quoting § 775.087(2)(d), Fla. Stat. (2000)). The legislative intent of the PRR statute, as reflected by the statute's title, is to punish certain reoffenders previously released from prison, whereas the 10-20-LIFE statute penalizes those who would use a firearm in the commission of a crime. See Downs v. State, 616 So.2d 444 (Fla.1993). Both statutes address completely different ills and should be construed in pari materia to harmonize the statutes and to give effect to the Legislature's intent to punish each offense to the fullest extent of the law. See McDonald, 912 So.2d at 76.
Accordingly, we find that the trial judge did not err in sentencing Mobley to consecutive 10-20-LIFE and PRR sentences.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] The remaining charges to which Mobley pled are not the subject of this appeal.
[2] We conclude that Mobley's consecutive mandatory minimum sentences arose from a single criminal episode. The record in this case, while sparse, reflects one continuous event without injuries or the firing of a firearm.