IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL WAYNE NELSON,

      Appellant,

 v.                                    Case No. 5D17-464

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 28, 2017

3.800 Appeal from the Circuit Court
for Putnam County,
Scott C. Dupont, Judge.

Michael Wayne Nelson, East Palatka, pro
se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Michael Wayne Nelson ("Appellant") appeals the denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant contends that the trial court's oral pronouncement of his sentence conflicts with the written sentence.

Appellant alleges in his motion that the trial court erred in failing to attach a copy of the transcript of the sentencing hearing, suggesting that transcripts do exist.  However, it appears that the trial court based its denial of Appellant's motion upon court minutes.  Other than Appellant's allegation in his motion, there is no indication whether a transcript of the hearing exists that would show whether there was a discrepancy between the oral pronouncement and the written sentence.  If a transcript is not filed in the record in the trial court, it is possible, as Appellant seems to allege, that he may have a transcript that was not filed.  Therefore, we reverse the order under review and remand this case to the trial court.  See Mallon v. State, 939 So. 2d 198, 199 (Fla. 5th DCA 2006) ("On remand, the trial court shall determine whether the written sentence conforms to the oral pronouncement.  If they do, the trial court shall attach written portions of the record conclusively refuting Mallon's claim.").  If the trial court concludes that the sentencing transcript is not in the record and denies relief, it should do so without prejudice to Appellant filing an amended motion attaching the transcript if one exists.

REVERSED and REMANDED.

SAWAYA, WALLIS, and EISNAUGLE, JJ., concur.