# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-0447
Lower Tribunal No. 19-CF-016055

_____

JOHN WAYNE BALLESTER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
J. Frank Porter, Judge.

April 17, 2025

STARGEL, J.

John Wayne Ballester appeals the judgment and sentence entered after a jury found him guilty of robbery with a non-deadly weapon. Ballester was sentenced to life in prison as a Violent Career Criminal (VCC), a Prison Releasee Reoffender (PRR) with a thirty-year minimum mandatory concurrent sentence, a Three-Time Violent Felony Offender (TTVFO) with a thirty-year minimum mandatory concurrent sentence, and as a Habitual Violent Felony Offender (HVFO) with a thirty-year minimum mandatory concurrent sentence. Ballester, through counsel,

filed a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) while this appeal was pending. The trial court granted the motion and entered an amended judgment and sentence striking the HVFO designation but leaving the VCC, PRR and TTVFO designations undisturbed.

Appearing pro se in this appeal, Ballester raises four issues—only one of which is meritorious. He claims his sentence is illegal because he could not be sentenced as a VCC under section 775.084(1)(d), Florida Statutes (2019), as well as a TTVFO under section 775.084(1)(c).[1] The trial court orally sentenced Ballester to the required thirty-year minimum mandatory as a TTVFO, though the written judgment and sentence merely "recommends" that he is sentenced as a TTVFO without attaching a specific sentence. Ordinarily, "when such a discrepancy exists, 'the written sentence must be corrected to conform to the oral pronouncement.'" *Rowan v. State*, 394 So. 3d 634, 635 (Fla. 6th DCA 2024) (quoting *Guerra v. State*, 927 So. 2d 248, 249 (Fla. 2d DCA 2006)). However, because Ballester was sentenced as a VCC, he could not also be sentenced as a TTVFO. *See Clines v. State*, 912 So. 2d 550, 558–59 (Fla. 2005) ("The punishment required by the violent

---

[1] Ballester does not claim that he could not be sentenced as a VCC and PRR for the same charge, nor did he raise that issue in his motion to correct sentencing error. Moreover, there is no indication that this is impermissible as those designations originate from different statutes—VCC under section 775.084, Florida Statutes, and PRR under section 775.082, Florida Statutes. *See, e.g.*, *Clines v. State*, 912 So. 2d 550, 559 (Fla. 2005); *Frazier v. State*, 877 So. 2d 838 (Fla. 3d DCA 2004).

career criminal category always eclipses the punishment required by the three-time violent felony offender category . . . .  In each case, designating a defendant as a violent career criminal renders moot any designation as a three-time violent felony offender . . . .  We hold that subsection 775.084 permits the application of only one recidivist category to the defendant's sentence.")

Accordingly, we reverse and remand for the limited purpose of striking Ballester's TTVFO designation and sentence.  In all other respects, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

NARDELLA and WOZNIAK, JJ., concur.


John Wayne Ballester, Florida City, pro se.

James Uthmeier, Attorney General, Tallahassee, and Sonia C. Lawson, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED