714 So.2d 1167 (1998)
Perry BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02383.
District Court of Appeal of Florida, First District.
July 27, 1998.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, Sonya R. Horbelt, Assistant Attorney General, and Trina Kramer, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
The appellant challenges an order by which his sworn motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), was denied.
In order to raise an illegal sentencing claim pursuant to rule 3.800(a), there are a number of requirements:
1. The error must have resulted in an illegal sentence. See Fla. R.Crim. P. 3.800(a)(1998); State v. Mancino, 714 So.2d 429, 432-433 (Fla. June 11, 1998); Hopping v. State, 708 So.2d 263, 265 (Fla.1998).
2. The error must appear on the face of the record. See State v. Callaway, 658 So.2d 983, 988 (Fla.1995).
3. The motion must affirmatively allege that "the court records demonstrate on their face an entitlement to relief." Mancino, supra at 433.[1]
Appellant's motion does not allege that the court's records will demonstrate a clear entitlement to relief. We, therefore, affirm.
In light of the fact that Mancino imposes a new pleading requirement, this affirmance is without prejudice to appellant's ability to file a properly pled rule 3.800(a) motion in the trial court.
JOANOS and WOLF, JJ., and SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] We presume that this requirement would necessitate more than mere conclusory allegations. See, e.g., Williams v. State, 595 So.2d 1061 (Fla. 1st DCA 1992) (affirming denial of 3.850 motion on grounds that motion contained only conclusory allegations in support of claims for relief). The allegations required by Mancino at a minimum would have to address how and where the record demonstrates an entitlement to relief.