PER CURIAM.
Robert Paul Gause appeals the summary denial of his motion for postconviction relief in which he asserted three grounds of error. We agree that the trial court failed to adequately refute Gause’s argument that his sentence was improperly enhanced. Accordingly, we reverse and remand for consideration of this single issue.
Gause was charged with first-degree burglary and attempted second-degree murder with a firearm. The jury convicted him of burglary as charged. However, rather than attempted murder, the jury found him to be guilty of the lesser included offense of aggravated battery with a firearm. At sentencing, the court enhanced the offense of aggravated battery with a firearm from a second-degree felony to a first-degree felony pursuant to section 775.087, Florida Statutes (1993). Gause asserts that it was error for the trial court to employ this enhancement and trial counsel was ineffective for failing to object at sentencing.
The supreme court has held that such an enhancement is improper. See Lareau v. State, 573 So.2d 813 (Fla.1991). Aggravated battery with the use of a deadly weapon is not subject to reclassification pursuant to section 775.087(1), because the use of a weapon is an essential element of the crime. See Wingate v. State, 590 So.2d 1108 (Fla. 2d DCA 1991).
It is, thus, ordered that the denial of the motion for postconviction relief as to this issue is reversed and remanded for reconsideration. On remand, if the court again concludes that summary denial is proper, it must attach to its order those portions of the case file and record which refute Gause’s claim. In all other respects, the denial of the motion for postconviction relief is affirmed.
Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and FULMER and SALCINES, JJ., Concur.