741 So.2d 577 (1999)
Gary A. MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 99-741.
District Court of Appeal of Florida, Fifth District.
August 20, 1999.
*578 Gary A. Moore, Avon Park, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Moore appeals from the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He sought to have additional jail time credited against his sentence for time served on a collateral conviction. The trial court did not consider the merits of the motion because it ruled that Moore had to bring his claim pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
In State v. Mancino, 714 So.2d 429 (Fla.1998), the court ruled that failure to award credit for time served on a criminal sentence may be raised in a Rule 3.800(a) motion. Acknowledging this recent case, the state argues Moore is not entitled to relief under Mancino because he failed to attach record support for his claim to his motion. In this proceeding, Moore alleged a prima facie case entitling him to additional credit for time served, but he did not attach any part of the record.
The court said in Mancino, "[I]f the record reflects that a defendant has served time prior to sentencing in the charge for which he was tried and convicted, and [receives] a sentence that does not properly credit the defendant with time served, then that sentence may be challenged under rule 3.800." 714 So.2d at 433. Resolving a conflict in the district courts, the court ruled that henceforward, time served is not to be treated as a disputed issue of fact which requires an evidentiary hearing, and thus, such claims may appropriately be brought pursuant to rule 3.800 rather than rule 3.850. It did not deal with whether a criminal defendant had to attach portions of the record to adequately state grounds for relief.
Cases construing Rule 3.800(a) do not impose on criminal defendants the necessity to attach portions of the record supporting their claims for relief. Rather, the burden is placed on trial courts who summarily deny relief sufficiently pled for by convicted criminal defendants to attach portions of the record which establish why the defendant is not entitled to the relief being sought.[1]
In Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999), the Third District held that in considering whether a defendant was entitled to additional jail time pursuant to a rule 3.800(a) motion the trial court could consult jail records, even though they had not been incorporated in the court file. In a rule 3.800(a) summary denial case, like ones brought pursuant to rule 3.850, records showing the criminal defendant is not entitled to the relief requested should be attached to the order denying relief.
Accordingly, we reverse and remand this cause to the trial court for further proceedings. The trial court should consider Moore's motion on its merits. If it decides to deny the relief requested, it should attach to its denial portions of the *579 record showing Moore is not entitled to the relief requested.
REVERSED AND REMANDED.
COBB, J., concurs.
GRIFFIN, J., dissents without opinion.
NOTES
[1] Bunch v. State, 622 So.2d 525 (Fla. 5th DCA 1993).