ON MOTION FOR REHEARING

PER CURIAM.
Theodore Dyess filed a motion under Florida Rule of Criminal Procedure 3.800 seeking credit for time he spent in the Santa Rosa County jail awaiting disposition of charges laid both in Santa Rosa and in Bay Counties. After we affirmed the order on his motion to correct illegal sentence, he filed a motion for rehearing. To this he attached what purported to be part of a written plea agreement reflecting that the Santa Rosa County authorities were aware of the warrant issued in Bay County earlier than the date from which the order under review had allowed jail credit on the sentence imposed in the Bay County case. See generally Daniels v. State, 491 So.2d 543 (Fla.1986). The motion to correct illegal sentence had not made reference to this plea agreement, however. See Baker v. State, 714 So.2d 1167, 1167 n. 1 (Fla. 1st DCA 1998) (“more than mere conclusory allegations” must identify court records showing entitlement to relief under Florida Rule of Criminal Procedure 3.800). Although affirmance is therefore proper under Florida Rule of Appellate Procedure 9.140(i), nothing precludes the filing of a subsequent motion under Florida Rule of Criminal Procedure 3.800, alleging the plea agreement with specificity. The motion for rehearing is denied.
ALLEN, LAWRENCE, and BENTON, JJ, CONCUR.