799 So.2d 343 (2001)
Delbert MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2577.
District Court of Appeal of Florida, Fifth District.
October 26, 2001.
Delbert Martin, Tallahassee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Delbert Martin appeals the trial court's order summarily denying his Rule 3.800(a) motion. Martin alleges that he is entitled to a total of 29 days jail credit. Specifically, he claims that he was held in the county jail in connection with this case from November 3, 1999 to November 4, 1999 and again from November 17, 1999 until December 13, 1999. He alleges that at sentencing the trial court did, in fact, credit the 29 days in jail, but the written judgment and sentence form fails to reflect the 29 days credit. Rather, it reflects credit for only one day.
Martin's motion is legally sufficient. See State v. Swyck, 716 So.2d 767 (Fla. 1998) (claim seeking jail time credit is cognizable in a Rule 3.800(a) motion). The state, in its response, concedes that Martin is entitled to raise his claim under Rule *344 3.800(a) pursuant to State v. Mancino, 714 So.2d 429 (Fla.1998). The trial court's order fails to refute Martin's claims and attach appropriate records. See Abney v. State, 661 So.2d 139 (Fla. 5th DCA 1995) (denial of 3.800 motion for jail credit reversed where court failed to attach appropriate record). In fact, the court's order improperly characterizes Martin's motion as one for mitigation or reduction of sentence pursuant to Rule 3.800(b). Under the circumstances, we reverse and remand to give the trial court an opportunity to refute Martin's claim with appropriate records or to award the proper credit if warranted.
REVERSED AND REMANDED.
THOMPSON, C.J., and SAWAYA, J., concur.