816 So.2d 1142 (2002)
Michael C. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3692.
District Court of Appeal of Florida, Fifth District.
April 19, 2002.
Rehearing Denied May 29, 2002.
Michael C. Brown, Arcadia, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Brown appeals from the trial court's denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he seeks jail time credit against his sentence. He alleges he should have been awarded 294 days jail time credit for time spent in jail from December 5, 1997 when he was arrested, to September 25, 1998 when he was sentenced. The trial court denied the credit of time giving as the reason the fact that Brown was not arrested on the escape charge on December 5, 1997, but was *1143 picked up on the warrant on March 24, 1998. However, the trial court failed to attach any portion of the record to support its stated reason.
The denial of a defendant's rule 3.800(a) motion when sufficient allegations are made to afford relief, should include not only valid reasons for the denial by the trial court, but also attachments of portions of the record sufficient to support the denial. The rule places on the trial court the obligation to attach sufficient portions of the record to refute the defendant's claim. See Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999); Bunch v. State, 622 So.2d 525 (Fla. 5th DCA 1993).
Accordingly, we reverse and remand for the purpose of allowing the trial court to attach sufficient portions of the record to refute Brown's claim for jail time credit. Should the court conclude that the motion cannot be decided on the face of the record, it may deny the motion without prejudice so that Brown may file a rule 3.850 motion.
REVERSED and REMANDED.
PETERSON and PLEUS, JJ., concur.