GRIFFIN, J.
Appellant, Solomon Stevens [“Stevens”], seeks review of the denial of his Rule 3.800 motion to correct illegal sentences. The trial court summarily denied the motion. On appeal, the State concedes that the kidnapping while armed conviction is not subject to habitualization. In addition, Stevens claims that he was never resen-tenced in accordance with Stevens v. State, 691 So.2d 622 (Fla. 5th DCA 1997), decision approved, 714 So.2d 347 (Fla.1998). Although this claim is difficult to credit, the State’s only response to this claim is that Stevens should have sought mandamus rather than utilize Rule 3.800. Given that this latter claim is not refuted by attachment of records to the order of denial, we reverse and remand to the trial court either to attach portions of the record refuting this claim or to resentence Stevens on the attempted second-degree murder offense. We reject Stevens’ other claims as meritless.
REVERSED and REMANDED.
HARRIS and SAWAYA, JJ., concur.