816 So.2d 222 (2002)
Joseph W. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4289.
District Court of Appeal of Florida, First District.
May 9, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Elizabeth Fletcher-Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
The appellant was convicted of unarmed robbery and unarmed burglary. He was then sentenced as a habitual felony offender to two consecutive 25-year terms of imprisonment. According to the appellant, both of these convictions stem from the same criminal episode. If the appellant's assertion is true, then the appellant is serving an illegal sentence. See Hale v. State, 630 So.2d 521 (Fla.1993), cert. den., 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).
Although the appellant has raised this claim before, the merits of his argument have never been reached because *223 every attempt has been thwarted procedurally by case law from which the courts subsequently receded. Because the appellant's claim has never been addressed on the merits, only denied on procedural grounds, the appellant's attempt to again raise this claim does not constitute a successive motion. See McCrae v. State, 437 So.2d 1388 (Fla.1983); Ranaldson v. State, 672 So.2d 564 (Fla. 1st DCA 1996).
Appellant's motion, however, is clearly untimely under Florida Rule of Criminal Procedure 3.850. See Dixon v. State, 730 So.2d 265 (Fla.1999). We are urged to treat appellant's claim as a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence pursuant to the authority of Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000); appellant's motion, however, is facially insufficient.
A rule 3.800(a) motion must meet the following requirements:
1. The error must have resulted in an illegal sentence. See Fla. R.Crim. P. 3.800(a)(1998); State v. Mancino, 714 So.2d 429, 432-33 (Fla.1998); Hopping v. State, 708 So.2d 263, 265 (Fla.1998).
2. The error must appear on the face of the record. See State v. Callaway, 658 So.2d 983, 988 (Fla.1995).
3. The motion must affirmatively allege that "the court records demonstrate on their face an entitlement to relief." Mancino, 714 So.2d at 433.
Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998). We specifically stated in Baker that the allegations at a minimum would have to address how and where the record demonstrates an entitlement to relief. See also Pullins v. State, 777 So.2d 451 (Fla. 1st DCA 2001).
Appellant's motion fails to allege how the face of the court's records would demonstrate an entitlement to relief. The mere conclusory allegation that the charges arose out of the same criminal episode is insufficient. See Baker.
WOLF and DAVIS, JJ., concur; BARFIELD, J., dissents with written opinion.
BARFIELD, J., dissenting.
Material to the disposition of this case are appellant's allegations that he was tried by jury and convicted of robbery and burglary, then appealed his conviction and sentence and obtained a reversal for resentencing. Implicit in these allegations is that there is a transcript of the evidence adduced at trial. A cursory review by the trial judge of the information and transcript would reveal whether the appellant is entitled to relief on the merits.