825 So.2d 507 (2002)
William SWANSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1041.
District Court of Appeal of Florida, First District.
September 6, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his rule 3.800 motion for jail credit. The appellant has made a facially sufficient claim for jail credit under rule 3.800 by providing the dates for which he is seeking credit, the date of his sentence, and alleging that the jail certificate would show that he is entitled to credit. See Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994); State v. Mancino, 714 So.2d 429, 433 (Fla.1998). The trial court failed to reference or attach any records refuting the appellant's allegations. Because the trial court did not rely upon any court documents in summarily denying the appellant's motion, we decline in this instance to apply Harvester v. State, 817 So.2d 1048 (Fla. 2d DCA 2002), in which the Second District Court of Appeal determined that it will either relinquish jurisdiction for the preparation of an amended order, or order the trial court to supplement the record, before deciding whether to affirm or reverse the trial court's order of summary denial. We accordingly reverse and remand for the trial court to support its denial with record attachments or to grant the relief sought.
REVERSED and REMANDED.
MINER, WOLF and LEWIS, JJ., concur.