830 So.2d 263 (2002)
Natasha WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2904.
District Court of Appeal of Florida, Fifth District.
November 15, 2002.
*264 Natasha Wright, Lowell, Pro Se.
No Appearance for Appellee.
PER CURIAM.
Natasha Wright appeals the trial court's order summarily denying her postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which she seeks additional jail credit against her sentence. Wright filed a facially sufficient claim for jail credit under rule 3.800 by providing the dates for which she is seeking credit, the date of her sentence, and alleging that the jail records in the county where she was sentenced would show that she is entitled to the credit sought. Swanson v. State, 825 So.2d 507 (Fla. 1st DCA 2002). The trial court denied Wright's claim for additional credit, but failed to attach any records refuting her claim.
An order denying a facially sufficient rule 3.800(a) motion should include not only "valid reasons for the denial by the trial court, but also attachments of portions of the record sufficient to support the denial. The rule places on the trial court the obligation to attach sufficient portions of the record to refute the defendant's claim." Brown v. State, 816 So.2d 1142, 1143 (Fla. 5th DCA 2002).
Accordingly, we remand this matter to the trial court to support its denial with record attachments or to grant the relief sought. Should the court conclude that the motion cannot be decided on the face of the record, it should deny the motion without prejudice so that Wright may file a rule 3.850 motion.
REMANDED FOR FURTHER PROCEEDINGS.
SHARP, W., GRIFFIN and ORFINGER, R. B., JJ., concur.