PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion seeking additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record does not conclusively refute the appellant’s claim, we reverse.
The appellant made a facially sufficient claim for jail credit under rule 3.800 by providing the dates for which he is seeking credit, the date of his sentence, and alleging that the jail certificate would show that he is entitled to credit. See Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994); State v. Mancino, 714 So.2d 429, 433 (Fla.1998). It appears that the appellant is entitled to 200 days of jail credit and that he was only awarded 169 days of credit. The trial court asserted that the appellant agreed to only 169 days of jail credit as a part of his plea agreement. However, the trial court failed to attach the appellant’s plea agreement to support its conclusion. See Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999).
We therefore reverse the trial court’s summary denial and remand for the trial *667 court to attach portions of the record that conclusively refute the appellant’s claim or to grant the appellant’s requested relief.
REVERSED and REMANDED.
KAHN, WEBSTER and POLSTON, JJ., concur.