851 So.2d 826 (2003)
John Paul CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1347.
District Court of Appeal of Florida, First District.
July 30, 2003.
*827 Appellant John Paul Clark, pro se.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his Rule 3.800(a) motion for jail credit. We reverse because the trial court failed to attach to its order portions of the record conclusively refuting the appellant's claim. Chitty v. State, 834 So.2d 909, 910 (Fla. 1st DCA 2003); Collins v. State, 835 So.2d 373 (Fla. 1st DCA 2003). The appellant presented a facially sufficient claim for jail credit under Rule 3.800(a) by providing the dates for which he is seeking credit, the date of his sentence, and alleging that his jail cards show that he is entitled to additional credit. See State v. Mancino, 714 So.2d 429, 433 (Fla. 1998); Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994). In support of its denial of the appellant's motion, the trial court attached a "Time Served Calculator" apparently prepared by the court clerk. However, the "Time Served Calculator" and accompanying annotations, attached to the trial court's order were merely clerk's notes and are insufficient to conclusively refute the appellant's claim. Collins, 835 So.2d at 373; Mayo v. State, 825 So.2d 1006 (Fla. 4th DCA 2002).
The jail cards provided by the appellant showed an entitlement to 197 days of jail credit while the "Time Served Calculator" suggested that the appellant was entitled to only 161 days. The apparent discrepancy arose from one of three separate periods of jail time which ran from December 11, 2001, to April 11, 2001. On March 7, 2001, the appellant was sentenced to community control but he remained in jail until April 11, 2001. The clerk noted upon the "Time Served Calculator" that he "believed" that the county jail time from March 7, 2001, to April 11, 2001, was "for the county jail sentence [appellant] was serving in case 00-1533." However, the appellant's jail card makes no reference to case number 00-1533. Instead, that jail card refers only to the case in which the appellant now seeks jail credit.
The trial court's reference to the clerk's belief, as well as the "Time Served Calculator," falls short of meeting the requirement of attaching portions of the record conclusively refuting the appellant's facially sufficient claim. Failure to attach portions of the actual record or the sentencing order in case 00-1533 precludes this Court from conducting meaningful appellate review. Thomas, 707 So.2d at 1189; Corp v. State, 698 So.2d 1349, 1350 (Fla. 1st DCA 1997). We accordingly reverse and remand for the trial court to support its denial with record attachments or grant the relief sought to the extent the appellant's jail cards show entitlement to relief. If an evidentiary hearing is required, the trial court should treat the appellant's sworn and timely claim as a Rule 3.850 motion. See Atwood v. State, 765 So.2d 242, 243 (Fla. 1st DCA 2000).
REVERSED and REMANDED.
KAHN, WEBSTER and POLSTON, JJ., concur.