854 So.2d 743 (2003)
Bliss M. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1905.
District Court of Appeal of Florida, Fifth District.
August 22, 2003.
Rehearing Denied September 24, 2003.
Bliss M. Thomas, Orlando, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
We have for review an order which denies a Rule 3.800(a) motion to correct an illegal sentence. The trial court failed to attach portions of the record to support the denial of jail time credit. Once a prima facie claim is asserted that the record shows an entitlement to jail time credit, the burden is on the trial court to attach portions of the record to refute the claim. See Martin v. State, 799 So.2d 343 (Fla. 5th DCA 2001); Abney v. State, 661 So.2d 139 (Fla. 5th DCA 1995). The state's attempt to provide such documentation to this court in response to this court's order *744 to show cause does not cure the defect.[1]See Worthington v. State, 667 So.2d 1023 (Fla. 5th DCA 1996).
The order denying the defendant, Bliss M. Thomas', Rule 3.800(a) motion to correct an illegal sentence is reversed and remanded for the trial court to either attach portions of the record to support the denial of jail time credit or to award the proper credit.
REVERSED AND REMANDED.
SAWAYA, C.J., and PETERSON, J., concur.
NOTES
[1] We are concerned about the state's response which appears to misstate the facts presented in their own attachments and apparently recognizes that their attachments reflect two different jail time credit periods and yet fails to point this fact out to the court or concede error.