860 So.2d 1054 (2003)
Eric S. WALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3339.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
Eric S. Wallen, Clermont, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Eric S. Wallen appeals the summary denial of his Rule 3.800(a) motion to correct an illegal sentence. Because the motion was facially sufficient, and the trial court failed to attach record support for the denial, we conclude that a reversal is necessary.
Mr. Wallen entered into a plea agreement to six counts charging a variety of crimes. He argues that a fifteen (15) year sentence imposed for aggravated assault while armed with a firearm exceeds the statutory maximum for a third degree felony, and that the reclassification of this offense to a second degree felony because of the use of a firearm was improper. He argues, as well, that the reclassification of the second degree felony of aggravated battery with a firearm was likewise improper for the same reason. He asserts that these reclassifications were inappropriate *1055 because use of a firearm was an essential element of each crime. The trial court denied his motion without any supporting attachments, finding that the claims were successive, and that the sentences were the result of a plea and were lawful. The order does not elaborate on the basis for these holdings, and a review of Mr. Wallen's prior appellate history reveals only two appeals, both of which were related to denials of Rule 3.850 motions on different grounds than are raised here. The motion is sufficient enough, however, to require the attachment of parts of the record to refute Mr. Wallen's claims. See Gause v. State, 739 So.2d 1170 (Fla. 2d DCA 1999); cf., Smith v. State, 729 So.2d 496 (Fla. 5th DCA 1999).
In response, the State properly acknowledges that the order is insufficient because the trial court failed to attach portions of the record to refute the defendant's claims. See Martin v. State, 799 So.2d 343 (Fla. 5th DCA 2001).
Accordingly, we reverse and remand for the trial court either to attach portions of the record to support denial of the motion or to grant the relief requested.
REVERSED and REMANDED.
GRIFFIN and TORPY, JJ., concur.