864 So.2d 562 (2004)
Aaron L. WHITFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2179.
District Court of Appeal of Florida, First District.
January 21, 2004.
Appellant, pro se.
Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, C.J.
The appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging he is due an additional 19 days of jail credit. The appellant alleges he was in jail from April 2, 1999, through May 17, 1999, and January 21, 2000, through April 28, 2000, awaiting sentencing, for a total of 142 days, rather than the 123 days claimed by the State. The trial court denied the claim, relying on the dates of incarceration supplied by the State. While this information, which is not from the court file, provided a legally insufficient basis to deny the claim, we affirm because the original rule 3.800(a) motion fails to allege "that the court records demonstrate on their face an entitlement to that relief." Fla. R.Crim. P. 3.800(a). See Jackson v. State, 803 So.2d 842 (Fla. 1st DCA 2001).
In Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998), we held that a facially sufficient rule 3.800 motion to correct an illegal sentence must allege where and how the court records demonstrate entitlement to relief. In cases involving an allegation of a sentencing illegality based on insufficient jail credit, we have held that a motion is sufficient which alleges that there is a jail card or certificate demonstrating appellant's entitlement to relief. See, e.g., Clark v. State, 851 So.2d 826 (Fla. 1st DCA 2003). In the instant case, however, appellant makes no allegation that such a document appears in the record. We affirm based on Baker.
ALLEN and DAVIS, JJ., CONCUR.