PER CURIAM.
Edward Walsh appeals the order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Walsh alleges that it is clear on the face of the record that he is entitled to an additional five days of jail credit. Walsh claims he did not receive credit for the time he was in custody from his arrest on July 12, 2001, until July 16, 2001, when he was released on bond. Although Walsh received 195 days of jail credit, he asserts that amount only covered the time he was in county jail after his bond was revoked.
The circuit court denied Walsh’s 3.800(a) motion without comment. If a defendant alleges that the record shows a clear entitlement to additional jail credit, the circuit court must either grant the additional credit or attach portions of the record to show that defendant is not entitled to additional credit or that it is unclear whether he is entitled to the additional credit. See State v. Mancino, 714 So.2d 429 (Fla.1998); Brown v. State, 816 So.2d 1142 (Fla. 5th DCA 2002). The circuit court in the instant case did not explain its reason for denying the legally sufficient motion, nor did it attach any documents to refute the allegations therein. We therefore re *163 verse the order denying the 3.800(a) motion and remand the case to the circuit court.
REVERSED and REMANDED.
SAWAYA, C.J., PETERSON and ORFINGER, JJ., concur.