881 So.2d 38 (2004)
William C. FRISS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1235.
District Court of Appeal of Florida, Fifth District.
August 13, 2004.
William C. Friss, Lake City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Friss filed a 3.800(a) motion requesting that he be given credit for time served in county jail. The trial court denied his motion, but did not attach any documentation conclusively refuting his claim. In Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999), this court held that where a defendant alleges a prima facie entitlement to additional credit, Rule 3.800(a) is an available remedy. It is not the defendant's burden to attach portions of the record showing entitlement to relief, but it is the trial court's responsibility to attach portions conclusively refuting the claim. Id. see also Phillips v. State, 839 So.2d 893 (Fla. 4th DCA 2003) (trial court was required to review jail records in ruling on motion to correct illegal sentence, where motion was legally sufficient because it indicated jail records would demonstrate his entitlement to relief, and trial court reviewed only pleading and court file); Swanson v. State, 825 So.2d 507 (Fla. 1st DCA 2002) (defendant made a facially sufficient claim for jail credit under rule 3.800 by providing the dates for which he was seeking credit, providing the date of his sentence, and alleging that the jail certificate would show that he is entitled to credit).
Accordingly, we reverse and remand for the purpose of allowing the trial court to attach sufficient portions of the record to refute Friss' claims for jail-time credit. Should the court conclude the motion cannot be decided on the face of the record, it may deny the motion without prejudice so that Friss may file a Rule 3.850 motion.
REVERSED and REMANDED.
PALMER and ORFINGER, JJ., concur.