936 So.2d 639 (2006)
Mark PETSCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3319.
District Court of Appeal of Florida, Fifth District.
June 23, 2006.
Rehearing Denied August 28, 2006.
Mark Petscher, Bowling Green, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED.
GRIFFIN, J., concurs.
ORFINGER, J., concurs specially, with opinion.
SAWAYA, J., dissents, with opinion.
ORFINGER, J., concurring.
Mark Petscher appeals the summary denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). I agree we should affirm, although not for the reasons stated in the order by the trial court.
Petscher's motion alleged that he is entitled to 314 days of additional jail credit on three Volusia County felony cases. While an error in a trial court's award of jail credit can be raised at any time in a motion filed pursuant to rule 3.800(a), the motion must affirmatively allege that the trial court records demonstrate on their face an entitlement to relief. A mere conclusory allegation that the answer lies somewhere in the record is insufficient to satisfy the pleading requirements of the rule. Baker v. State, 714 So.2d 1167, 1167 (Fla. 1st DCA 1998). At a minimum, a rule 3.800 motion should state where in the record the information can be located and explain how the record demonstrates entitlement to relief. Alfonso v. State, 901 So.2d 939, 939 (Fla. 4th DCA 2005); Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998). That was not done here, as Petscher merely alleges, without any reference to the record, that he is entitled to additional jail credit.[1]
If the claim cannot be resolved from the face of the record without resorting to fact-finding, Petscher must file a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Maynard v. State, 763 So.2d 480, 481 (Fla. 4th DCA 2000).[2]
*640 SAWAYA, J., dissenting.
Petscher was initially sentenced to concurrent terms of imprisonment to be followed by a term of probation in three cases for crimes committed in Volusia County. While serving the probationary portion of his sentence, Petscher violated and was placed back on probation in the three cases for a period of five years. He violated again and was committed to the Department of Corrections with credit for the time he had previously served in prison. Petscher subsequently filed a facially sufficient Motion to Correct Illegal Sentence pursuant to rule 3.800, Florida Rules of Criminal Procedure, alleging that he was not given credit for the 314 days he spent in a boot camp facility, which he claims was a part of his sentence. The trial court summarily denied the motion, finding that Petscher failed to demonstrate "that he had anything other than a detainer until he arrived in Volusia County." Petscher appeals that order, contending that he has been wrongfully deprived of credit for the time he spent in the boot camp, and requests this court to correct his illegal sentence.
According to the State, as alleged in its Response to Appeal from 3.800 Summary Denial filed in the instant proceedings, Petscher was under community supervision with the Department of Corrections and the boot camp was a condition of that supervision. The State contends in its Response that Petscher is not entitled to credit for time spent in the boot camp because
[n]o part of the time that a defendant is on probation or community control shall be considered as any part of the time that he or she shall be sentenced to serve. § 948.06(3), F.S.2005. Appellant is not entitled to credit for time served as a condition of his probation.
Section 948.06(3) provides in pertinent part that "[w]hen the court imposes a subsequent term of supervision following a revocation of probation or community control, it shall not provide credit for time served while on probation or community control toward any subsequent term of probation or community control." I do not believe that this statute is applicable in instances where boot camp is imposed as a condition of supervision. In my view, the statute that governs such instances is section 921.161(1), which provides in pertinent part that "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence." The courts have held that credit for time served must be given when the defendant was sentenced to jail as a condition of supervision. See Barnishin v. State, 927 So.2d 68, 71 (Fla. 1st DCA 2006) ("He should also have received credit on each sentence for the time he served in jail, as a condition of probation in both cases, from August 19, 2004, until August 31, 2004, awaiting a place in a drug treatment program.") (citing Truette v. State, 914 So.2d 1074, 1074 (Fla. 1st DCA 2005) ("Because Appellant served time in jail as a special condition of his probation, he is entitled to credit for that time upon his sentencing for violation of probation.")).
The question is whether boot camp is the functional equivalent of jail. See Tal-Mason v. State, 515 So.2d 738, 740 (Fla. 1987) ("For these reasons, we decline to read section 921.161(1), Florida Statutes, as a statement that jail-time credit may only be granted for time spent in an institution formally designated as a "county jail." ... Our courts already have tacitly recognized that a detainee must be granted credit for time served prior to conviction in any institution serving as the functional equivalent of a county jail."). I believe boot camp is the functional equivalent *641 of county jail, and the courts have consistently held that a defendant must be credited with the time he or she served in a boot camp prior to sentencing. See Lewis v. State, 894 So.2d 1085 (Fla. 1st DCA 2005); Obando v. State, 867 So.2d 645 (Fla. 3d DCA 2004); Griffin v. State, 838 So.2d 1218 (Fla. 3d DCA 2003); Barger v. State, 744 So.2d 1159 (Fla. 1st DCA 1999); Miller v. State, 731 So.2d 866 (Fla. 1st DCA 1999). Moreover, the courts require that appropriate credit be given for time served when the defendant is sentenced for violating the probationary portion of a split sentence. Atkinson v. State, 860 So.2d 982, 984 (Fla. 1st DCA 2003) ("[A]ppellants are always entitled to prison credit previously served upon violating the probationary portion of a split sentence.") (citing Layman v. State, 787 So.2d 44, 45 (Fla. 2d DCA 2001)); see also Lewis, 894 So.2d at 1086 ("As the State concedes, appellant should have been granted prison credit on the sentence imposed on his violation of probation for the time he spent in boot camp.").[3] Therefore, the State's asserted reason for denying Petscher his claim for jail credit is wrong; rather, just as Petscher alleges, he may be entitled to credit for any time he served in the boot camp as a condition of his supervision.
Despite the allegation by Petscher that he did serve 314 days in a boot camp facility as part of the sentence imposed in the Volusia County cases and the State's Response apparently conceding that fact, the trial court ruled that Petscher is not entitled to credit because the time he spent was the result of a detainer on other charges. However, the trial court failed to attach relevant portions of the record refuting Petscher's claim, which impedes us from properly determining whether Petscher or the trial court is correct. In these instances, this court and others have consistently held that reversal and remand is the appropriate remedy.[4] In Brown v. *642 State, 816 So.2d 1142 (Fla. 5th DCA 2002), for example, we held:
Brown appeals from the trial court's denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he seeks jail time credit against his sentence. He alleges he should have been awarded 294 days jail time credit for time spent in jail from December 5, 1997 when he was arrested, to September 25, 1998 when he was sentenced. The trial court denied the credit of time giving as the reason the fact that Brown was not arrested on the escape charge on December 5, 1997, but was picked up on the warrant on March 24, 1998. However, the trial court failed to attach any portion of the record to support its stated reason.
The denial of a defendant's rule 3.800(a) motion when sufficient allegations are made to afford relief, should include not only valid reasons for the denial by the trial court, but also attachments of portions of the record sufficient to support the denial. The rule places on the trial court the obligation to attach sufficient portions of the record to refute the defendant's claim. See Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999); Bunch v. State, 622 So.2d 525 (Fla. 5th DCA 1993).
Accordingly, we reverse and remand for the purpose of allowing the trial court to attach sufficient portions of the record to refute Brown's claim for jail time credit. Should the court conclude that the motion cannot be decided on the face of the record, it may deny the motion without prejudice so that Brown may file a rule 3.850 motion.
Id. at 1142-43.
This is the appropriate remedy in instances where it appears that the trial court's order may be correct, or when the state attempts to correct the error by submitting portions of the record in an appendix attached to its response in the appellate proceedings. See, e.g., Bennett v. State, 904 So.2d 447, 447 (Fla. 4th DCA 2005) ("In denying a legally sufficient 3.800(a) motion, the trial court's failure to attach portions of the record refuting the defendant's claim is reversible error, and the State cannot cure this error by providing the records to this court on appeal."); Frederick v. State, 899 So.2d 1281, 1281 (Fla. 5th DCA 2005) ("As the State correctly observes, while the trial court's denial of Frederick's claim may be proper, the trial court did not attach portions of the record establishing that Frederick is not entitled to relief. Consequently, we remand this case to the trial court for attachment of portions of the record that conclusively refute Frederick's claim."); Thomas v. State, 854 So.2d 743, 743-44 (Fla. 5th DCA 2003) ("Once a prima facie claim is asserted that the record shows an entitlement to jail time credit, the burden is on the trial court to attach portions of the record to refute the claim. The state's attempt to provide such documentation to this court in response to this court's order to show cause does not cure the defect."); Collins v. State, 805 So.2d 73 (Fla. 4th DCA 2002); Worthington v. State, 667 So.2d 1023 (Fla. 5th DCA 1996) (same). Accordingly, I think the appropriate disposition is to reverse the trial court's order *643 and remand this case for further proceedings in accordance with Brown and the other precedent discussed above.
The concurring opinion asserts that the motion filed by Petscher is facially insufficient. I note, parenthetically, that neither the trial court nor the State found it facially insufficient and the State did not raise this as an issue in the instant proceedings. Nevertheless, I will address it and explain why I strongly disagree with this assertion.
Specifically, the concurring opinion asserts that the motion is facially insufficient because "Petscher merely alleges, without any reference to the record, that he is entitled to additional jail credit." As will be discussed infra, the allegations of Petscher's motion clearly belie this assertion. In order to allege a facially sufficient claim for jail credit, rule 3.800(a), Florida Rules of Criminal Procedure, requires that the motion allege that "the court records demonstrate on their face an entitlement to that relief ...." This requirement was inserted into the rule in 2000 by the Florida Supreme Court to conform the rule with the decision in State v. Mancino, 714 So.2d 429, 433 (Fla.1998) ("We hold credit time issues are cognizable in a rule 3.800 motion when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief."). Prior to that decision, the courts generally held that a motion was facially sufficient if it alleged the "commencement date of the sentence against which credit is due, together with the dates for which jail-time credit is claimed." Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994).
The courts do not require that the specific language from rule 3.800(a) be quoted and there are no magical words that must be included in order to make a motion under the rule seeking jail credit facially sufficient. Since the 2000 amendment, the courts have consistently held that the Mancino requirement of the rule is satisfied if the motion alleges the specific portion of the record that shows the defendant's entitlement to relief. Koester v. State, 864 So.2d 1282, 1283 (Fla. 1st DCA 2004) ("The appellant made a facially sufficient claim for jail credit pursuant to rule 3.800(a) by providing the dates for which he is seeking credit and the date of his sentence, and alleging the specific record portions that would show that he is entitled to credit."); Krause v. State, 857 So.2d 343, 343 (Fla. 1st DCA 2003) ("In the instant case, the appellant made a facially sufficient claim of foreign jail credit by providing the dates for which he is seeking credit, providing the date of his sentence, alleging where in the record it can be shown that he is entitled to relief and alleging that he was held solely on Florida charges."); Haines v. State, 851 So.2d 831, 832 (Fla. 1st DCA 2003) ("Appellant's claim for prison credit is also facially sufficient as to case number 94-0011 as a straight prison-credit claim because he alleged that he had served 987 days in prison before his release to probation on the probationary split sentence, and that his sentencing paperwork would show his entitlement to relief."); Wright v. State, 830 So.2d 263, 264 (Fla. 5th DCA 2002) ("Wright filed a facially sufficient claim for jail credit under rule 3.800 by providing the dates for which she is seeking credit, the date of her sentence, and alleging that the jail records in the county where she was sentenced would show that she is entitled to the credit sought.") (citing Swanson v. State, 825 So.2d 507 (Fla. 1st DCA 2002)); Smith v. State, 816 So.2d 158, 158 (Fla. 2d DCA 2002) ("At the end of this claim, Smith cited to his judgment and sentence in case number 80-390. The trial court denied Smith's claim as facially insufficient to meet the standard enunciated in State v. Mancino, 714 So.2d 429 *644 (Fla.1998), because Smith failed to allege that the court records demonstrate on their face that he is entitled to relief. This court finds that Smith's motion alleged a facially sufficient claim for relief because he referred the court to that portion of the trial court record that would support his claimhis judgment and sentence."); see also Larsen v. State, 867 So.2d 445 (Fla. 4th DCA 2004) ("Affirmed, without prejudice to appellant's right to refile a rule 3.800(a) motion raising his claim of entitlement to credit for time served, affirmatively stating where in the court file or jail records the information concerning his jail service can be found.");[5]Trapkin v. State, 830 So.2d 172, 173 (Fla. 4th DCA 2002) ("We affirm without prejudice to Appellant raising this claim in a rule 3.800(a) motion which complies with Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998) (holding that with regards to jail credit claims, `at a minimum, the motion will have to allege where in the record the information can be located and explain how the record demonstrates entitlement to the relief requested.'). Appellant failed to even reference the record. An allegation that the Broward County jail records demonstrated his entitlement to relief would have complied with Toro." (emphasis added)); Ferguson v. State, 746 So.2d 1171, 1172 (Fla. 4th DCA 1999) ("A movant is required only to allege what part of the record demonstrates an entitlement to relief.") (citing Toro ).
It is beyond doubt that Petscher's motion is facially sufficient and complies with the Mancino requirement of rule 3.800(a). I will quote the pertinent portions of the motion because the allegations speak for themselves:
1. The Defendant was sentenced to a term of imprisonment by order of this court on the 20th day of July, 05.
2. Prior to the above sentencing, Defendant was incarcerated in the Palm Beach County Jail(s) as a result of the charges in this case. The dates of Defendant's incarceration are as follows:
From: May 9th 2004 To: April 4th 2005.
3. In imposing the aforementioned sentence, the Court:
Allowed credit for 137 days.
Did not allow credit for 314 days.
4. The Defendant is entitled to a total of 451 days credit of County Jail time served prior to the imposition of the aforementioned sentence.
Entitlement to this credit is pursuant to the Court's oral pronouncement of sentence and may be found in the record transcripts of the defendant's sentencing.
(Emphasis added).[6] In addition to these allegations, the motion contains a second *645 page that provides a rather detailed explanation of why and how Petscher is entitled to the requested relief.
Not only does the motion allege the specific portion of the record that shows Petscher's entitlement to relief, Petscher specifically alleges the pertinent dates and explains how and why he is entitled to the requested relief. Petscher's motion is facially sufficient and assertions to the contrary in the concurring opinion are simply wrong. Moreover, this court has rendered opinions clearly indicating that allegations far less specific and detailed than those in Petscher's motion are legally sufficient. For example, in McIntosh v. State, 914 So.2d 511 (Fla. 5th DCA 2005), we held:
Charles H. McIntosh appeals the trial court's order denying his motion seeking additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In the motion filed with the trial court, McIntosh alleged that he was awarded one hundred forty-six days credit, but was entitled to an additional ninety-nine days, and listed the specific dates that he was seeking. The trial court summarily denied the motion without explanation or supporting attachments.
When a rule 3.800(a) motion states a legally sufficient claim for additional jail credit, a summary denial requires supporting attachments. Washington v. State, 890 So.2d 1276 (Fla. 5th DCA 2005); Friss v. State, 881 So.2d 38 (Fla. 5th DCA 2004). Because the trial court failed to attach sufficient portions of the record to refute McIntosh's claim for additional jail credit, we reverse and remand this matter with directions that the trial court either grant the relief McIntosh seeks or attach supporting documents to refute McIntosh's claim.
Id. at 511-12. Similarly, in Gallinat v. State, 909 So.2d 426 (Fla. 5th DCA 2005), we held:
Gallinat appeals from the circuit court's order which summarily denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he seeks an award of additional jail credit time. The lower court attached no records to its order. We reverse and remand.
In his motion, Gallinat alleges he was incarcerated in the county jail awaiting sentencing on the charges for which he was convicted in the case on the following dates: October 13, 2002 to January 16, 2003 and August 25, 2003 to May 12, 2004. Based on these calculations, Gallinat served a total of 358 days in the county jail awaiting judgment and sentencing. Elsewhere in his motion he alleges he should have received 11 months and 28 days jail credit time.
Gallinat also alleges the trial court imposed a prison term of three years, one month and fifteen days. He concludes that because the court failed to award him credit for all of the jail time to which he is entitled, he has been caused to serve "approximately" five months and sixteen days longer than had the jail time been properly credited.
We conclude that Gallinat's motion is legally sufficient.
Id. at 426-27. In Martin v. State, 799 So.2d 343 (Fla. 5th DCA 2001), we similarly held:
Delbert Martin appeals the trial court's order summarily denying his Rule 3.800(a) motion. Martin alleges that he is entitled to a total of 29 days jail credit. Specifically, he claims that he was held in the county jail in connection with this case from November 3, 1999 to November 4, 1999 and again from November 17, 1999 until December *646 13, 1999. He alleges that at sentencing the trial court did, in fact, credit the 29 days in jail, but the written judgment and sentence form fails to reflect the 29 days credit. Rather, it reflects credit for only one day.
Martin's motion is legally sufficient.
Id. at 343.
Even if Petscher had filed a facially insufficient motion, the correct disposition would be: "Affirmed, without prejudice to appellant's right to refile a rule 3.800(a) motion raising his claim of entitlement to credit for time served, affirmatively stating where in the court file or jail records the information concerning his jail service can be found." Larsen, 867 So.2d at 445 (Fla. 4th DCA 2004); see also Phillips v. State, 798 So.2d 796 (Fla. 4th DCA 2001) (same); Acquaotta v. State, 791 So.2d 1251 (Fla. 4th DCA 2001) (same). But Petscher has already filed such a motion, and requiring him to redo what he has already done would be pointless.
In my view, the only relevant issue in the instant proceedings is the issue I addressed in the first part of my dissent. I firmly believe the only legally correct result here is to reverse the trial court's order summarily denying Petscher's motion and remand for the purpose of allowing the trial court to either grant the relief Petscher requests or attach sufficient portions of the record to refute his claim. Should the trial court conclude that the motion cannot be decided on the face of the record, it may deny the motion without prejudice so that Petscher may file a motion pursuant to rule 3.850, Florida Rules of Criminal Procedure. I, therefore, respectfully dissent.
NOTES
[1] If Petscher's motion was facially sufficient, I agree that we would be obligated to reverse the trial court's order because it failed to attach any records to refute Petscher's claim. Brown v. State, 912 So.2d 61, 62 (Fla. 2d DCA 2005).
[2] Because of the conclusion that Petscher's rule 3.800(a) motion was facially insufficient, I do not address the substantive issues set forth in the dissent.
[3] A brief word about the decision in Comer v. State, 909 So.2d 460 (Fla. 4th DCA 2005), is in order. There, the court held that the defendant was not entitled to credit for time served in a drug program as a condition of community control. I believe this is a correct result. See State v. Cregan, 908 So.2d 387, 391 (Fla.2005) (holding that a defendant is not entitled to credit for time spent in a drug rehabilitative program as a condition of community control because such a program is not the functional equivalent of jail and stating that "we decline to conclude that treatment in a drug rehabilitation facility is so much more restrictive as to be tantamount to confinement in the county jail"). However, the court in Comer stated that "[u]pon a violation of probation or community control, a defendant is not entitled to time served in a drug treatment program or other facility that was a condition of probation or community control, regardless of whether the facility may be characterized as the `functional equivalent of jail.'" 909 So.2d at 461. I disagree with this statement if the court meant to apply it to conditions of supervision that require a defendant to serve time in jail or its "functional equivalent," such as boot camp.
[4] Spears v. State, 920 So.2d 187 (Fla. 2d DCA 2006); Friss v. State, 881 So.2d 38 (Fla. 5th DCA 2004); England v. State, 879 So.2d 660 (Fla. 5th DCA 2004) (holding that despite trial court's lengthy explanation why it denied the defendant's motion to correct illegal sentence filed pursuant to rule 3.800, reversal of the order is necessary because the trial court failed to attach portions of the record refuting the defendant's claim); Wallen v. State, 860 So.2d 1054, 1054 (Fla. 5th DCA 2003) ("Eric S. Wallen appeals the summary denial of his Rule 3.800(a) motion to correct an illegal sentence. Because the motion was facially sufficient, and the trial court failed to attach record support for the denial, we conclude that a reversal is necessary."); Felder v. State, 828 So.2d 409, 410 (Fla. 5th DCA 2002) ("As explained in Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999), the burden is on the trial court to attach portions of the record refuting a defendant's rule 3.800(a) claim."); Stevens v. State, 818 So.2d 599 (Fla. 5th DCA 2002); Brown v. State, 816 So.2d 1142 (Fla. 5th DCA 2002); Humphrey v. State, 810 So.2d 965 (Fla. 2d DCA 2002); Martin v. State, 799 So.2d 343 (Fla. 5th DCA 2001); Abney v. State, 661 So.2d 139 (Fla. 5th DCA 1995) ("Kenneth Wayne Abney appeals from the order denying his rule 3.800 motion seeking credit for time served in jail prior to his sentence. It may well be that the trial court was correct in his ruling but we are unable to so determine because he failed to attach the appropriate portion of the record to his order."); see also Fla. R.App. P. 9.141(b)(2)(D).
[5] See also Phillips v. State, 798 So.2d 796 (Fla. 4th DCA 2001) (same); Acquaotta v. State, 791 So.2d 1251 (Fla. 4th DCA 2001) (same).
[6] Citing to Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998), the concurring opinion asserts that "[a] mere conclusory allegation that the answer lies somewhere in the record is insufficient to satisfy the pleading requirements of the rule." I note that the court in Baker presumed that this was a correct statement of the law. Be that as it may, Petscher specifically directs the circuit court to that part of the record where his entitlement to relief may be found. Moreover, the decision in Baker is consistent with the case law that I have cited. Citing to Baker, the First District Court in Whitfield v. State, 864 So.2d 562, 562 (Fla. 1st DCA 2004), explained that "[i]n cases involving an allegation of a sentencing illegality based on insufficient jail credit, we have held that a motion is sufficient which alleges that there is a jail card or certificate demonstrating appellant's entitlement to relief." Pursuant to Baker and Whitfield, Petscher's motion is clearly facially sufficient.