992 So.2d 877 (2008)
Willie CHEATUM, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-2253.
District Court of Appeal of Florida, Fifth District.
October 17, 2008.
Willie Cheatum, Gainesville, pro se.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Willie Cheatum appeals from an order denying his rule 3.800(a)[1] motion seeking additional jail credit. Cheatum's motion alleges that his entitlement to more jail credit is apparent from the face of the record, particularly pointing to the transcripts from his sentencing hearings. The State concedes that the single attachment to the trial court's denial order does not *878 conclusively refute Cheatum's claim.[2] Accordingly, we reverse and remand with instructions that the court either grant the motion, if appropriate, or attach copies of those portions of the record that support its denial. See, e.g., Brown v. State, 816 So.2d 1142 (Fla. 5th DCA 2002). "If the claim cannot be resolved from the face of the record without resorting to fact-finding, [defendant] must file a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850." Petscher v. State, 936 So.2d 639, 639 (Fla. 5th DCA 2006) (Orfinger, J., concurring).
REVERSED AND REMANDED WITH DIRECTIONS.
PALMER, C.J., and EVANDER, J., concur.
NOTES
[1] Fla. R.Crim. P. 3.800(a).
[2] The trial court attached a copy of Cheatum's violation of probation plea agreement to its order. This document contains language which arguably contemplates a waiver of any time served prior to Cheatum's arrest on the probationary violation. However, the written plea agreement, standing alone, does not demonstrate Cheatum's clear intent to waive jail credit accrued prior to his arrest on the violation. See, e.g., Hill v. State, 985 So.2d 1216 (Fla. 5th DCA 2008). The document states that Cheatum agreed to a sentence of "18 months D.O.C. from the date of arrest on the violation," but also states that the "actual number of days to be awarded as time served credit will be calculated and awarded by the Lake County Jail ... as appropriate, unless specifically indicated otherwise above." It is possible that the transcript of the plea hearing demonstrates Cheatum's clear intent to waive any time served prior to his probationary violation. However, a denial on this basis would also need to include attachments showing the time between Cheatum's arrest on the violation and his sentencing, to conclusively refute Cheatum's allegations.