PER CURIAM.
Hanna Macool appeals the trial court’s order summarily denying his motion for additional jail time credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Macool filed a facially sufficient claim for jail credit under rule 3.800 by providing the dates for which he is seeking credit, the date of his sentence, and alleging that the sentencing county’s jail record would show that he is entitled to the credit. Swanson v. State, 825 So.2d 507, 507 (Fla. 1st DCA 2002). The trial court denied Macool’s claim for additional credit, but failed to attach any record refuting his claim.
An order denying a facially sufficient rule 3.800(a) motion should include not only “valid reasons for the denial by the trial court, but also attachments of portions of the record sufficient to support the denial. The rule places on the trial court the obligation to attach sufficient portions of the record to refute the defendant’s claim.” Brown v. State, 816 So.2d 1142, 1143 (Fla. 5th DCA 2002). Accordingly, we remand this matter to the trial court to support its denial with record attachments or to grant relief. Should the court conclude that the motion cannot be decided on the face of the record, it should deny the motion without prejudice so that Macool may file a rule 3.850 motion, if one can be timely filed.
REVERSED and REMANDED FOR FURTHER PROCEEDINGS.
PALMER, C.J., SAWAYA and ORFINGER, JJ., concur.