TORPY, J.
In this rule 3.800 jail credit case, Appellant made a claim that he had been shorted two days of jail credit for the time he spent in the county jail between his arrest and sentencing. Appellant’s motion was straight-forward. He gave the date on which he had been arrested for the charges in Putnam County, and he claimed that he had been continuously incarcerated in the Putnam County jail on these charges from that date until the date on which he was sentenced. This motion was legally sufficient because it affirmatively alleged “where in the record the information [could] be located and explain[ed] how the record demonstrate^] entitlement to relief.” Petscher v. State, 936 So.2d 639, 639 (Fla. 5th DCA 2006) (Orfinger, J., concurring). The trial judge summarily denied the request, concluding that the “[c]ourt file does not show conclusively he was given the wrong number of day’s credit.” The trial judge offered no further explanation, nor did he attach records to negate the claim. We reverse.
Once the movant makes a legally sufficient allegation that he did not receive the proper credit for time served, it is the trial court’s obligation to conclusively negate the claim by attaching the portion of the record to refute the claim. Cheatum v. State, 992 So.2d 877 (Fla. 5th DCA 2008). This is because we only receive an abbreviated record in proceedings of this nature, and we are required by rule 9.141(b)(2)(D) to reverse any summary denial unless the record “shows conclusively that the appellant is entitled to no relief....”
Although we would ordinarily remand this case to the trial court to either grant the relief or provide the proper support for his decision to deny relief, in this case, the State has spared the court system any further burden by candidly conceding that an apparent mathematical error occurred, and that Appellant is entitled to the two additional days of jail credit.
*269 Accordingly, we remand this case with instructions to credit Appellant with two additional days.
REVERSED AND REMANDED.
MONACO, C.J., and LAWSON, J., concur.