PER CURIAM.
Michael J. Allen, Jr., appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) Motion to Correct Illegal Sentence. In his motion, Allen alleged that, following his plea, he was awarded credit for 297 days time served in the Palm Beach County jail at the Gun Club and Stockade facilities and that it was apparent from the face of his “court and jail records” that he was entitled to credit for an additional 165 days of credit for time served between May 1, 2008 and August 6, 2009. The trial court summarily denied the motion, referencing a handwritten notation on the plea sheet to the effect that “defendant agrees credit is correct.” We reverse.
Allen’s motion was facially sufficient. See Phillips v. State, 839 So.2d 893, 894 (Fla. 4th DCA 2003); see also Warren v. State, 980 So.2d 1204, 1205 (Fla. 4th DCA 2008). “An order denying a facially sufficient rule 3.800(a) motion should include not only ‘valid reasons for the denial by the trial court, but also attachments of portions of the record sufficient to support the denial.’ ” Macool v. State, 7 So.3d 637, 637 (Fla. 5th DCA 2009) (quoting Brown v. State, 816 So.2d 1142, 1143 (Fla. 5th DCA 2002)); see also Linder v. State, 54 So.3d 1031 (Fla. 4th DCA 2011). The trial court failed to attach the referenced plea sheet to the order of denial. And, even if the plea sheet had been attached, it would have been insufficient to establish Allen knowingly and intelligently waived his entitlement to the additional credit. See Howard v. State, 40 So.3d 46, 47 (Fla. 4th DCA 2010) (“A stipulation as to a specific amount of credit is not sufficient to demonstrate that a defendant knowingly and intelligently waived credit to which he otherwise would be entitled ‘in the absence of evidence that the defendant knew of his entitlement to additional credit and voluntarily relinquished that right.’”) (quoting Velasquez v. State, 11 So.3d 979, 980 (Fla. 1st DCA 2009)); see also Giggetts v. State, 5 So.3d 756, 757 (Fla. 1st DCA 2009).

Reversed, and Remanded.

GROSS, C.J., STEVENSON and TAYLOR, JJ., concur.