# Third District Court of Appeal

## State of Florida

Opinion filed January 7, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2701
Lower Tribunal No. 89-6295
_____


**Milton McFarlane,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Milton McFarlane, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SUAREZ, LAGOA and SCALES, JJ.

PER CURIAM

This is an appeal from a February 6, 2014 order (and a September 22, 2014 order on rehearing) summarily denying Milton McFarlane's motion under Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence (the "Order"). The Order denies the appellant's rule 3.800 motion as successive and refers to two earlier motions filed by McFarlane to correct his sentence. While those earlier motions, and the orders denying them, might be in the "court file" as referenced in the Order, they are not attached to the Order and are not a part of the record on appeal.

When, as here, the trial court summarily denies a rule 3.800 motion, the record must show conclusively that the appellant is entitled to no relief; otherwise this Court must remand. Fla. R. App. P. 9.141(b)(2)(D).

If the trial court relies on a portion of the court file not contained in the postconviction record, it is incumbent upon the trial court to make those portions of the court file part of the record. See Boyd v. State, 57 So. 3d 268 (Fla. 5th DCA 2011).

If the trial court again enters an order summarily denying the postconviction motion, the trial court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.

Reversed and remanded for further proceedings.