# Third District Court of Appeal

**State of Florida**

Opinion filed December 9, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1431
Lower Tribunal No. 90-11516
_____

**Johnny Brady,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Johnny Brady, in proper person.

Ashley Moody, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before EMAS, C.J., and GORDO and BOKOR, JJ.

PER CURIAM.

Johnny Brady appeals the summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.800(a). Brady argues his sentence was illegal because the trial court failed to give him full "credit for prison time previously served on his original probationary split sentence." Villalona v. State, 289 So. 3d 15, 16 (Fla. 3d DCA 2019). As the record before us does not conclusively establish that Brady is not entitled to relief, we reverse and remand.

In 1990, Brady was charged with several offenses, for which he was later sentenced to three years of probation. Following multiple probation violations, Brady was resentenced to a term of 25 years in prison followed by 10 years of probation.

After serving the incarcerative portion of that sentence and being released on probation, Brady again violated his probation by committing new criminal offenses. Following a probation violation hearing, on March 13, 2014, the trial court revoked Brady's probation and resentenced him to 40 years in prison with credit for time served. The sentencing judge initially believed Brady was entitled to 12 years credit time served, but after a discussion with defense counsel, instead clarified Brady would receive "all credit for time served." No further discussion occurred on the record, yet the sentence executed the same day reflects only 2,128 days—about 5.8 years—of credit for time served.

On August 4, 2020, Brady filed the instant rule 3.800 motion, arguing his 40-year sentence violated due process because the trial court failed to credit him for all time served on his original probationary split sentence as of the time of his probation revocation. The trial court summarily denied Brady's motion, stating that it failed to show the sentence was illegal or in excess of what the law allows. "The trial court failed to reference or attach any records refuting the appellant's allegations." Swanson v. State, 825 So. 2d 507, 507 (Fla. 1st DCA 2002).

"[A] defendant who, pursuant to a probationary split sentence, serves time in state prison, is released on probation, violates that probation, and is thereafter resentenced to prison, is entitled to credit for the time he previously served in state prison." Villalona, 289 So. 3d at 16 (citations omitted). In this case, the trial court denied Brady's claim relying on and citing to cases pertaining to gain time.

> Instead, the trial court should have determined 1) whether defendant is entitled to credit for time previously served in State prison; 2) if so, the number of days defendant served in State prison as part of the incarcerative portion of his probationary split sentence prior to being placed on probation; 3) whether the trial court, at the time of his sentencing following his probation violation hearing, properly directed the Department of Corrections to calculate and credit defendant for time previously served in State prison; and 4) whether defendant waived his right to any or all of the credit for time previously served in State prison.

Id. (citations omitted).

The record before us fails to conclusively refute Brady's claim that he has not received full credit for time served. See Fla. R. App. P. 9.141(b)(2)(D). Thus, we reverse the order and remand for further proceedings. "If the trial court again enters an order summarily denying the motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief." Taylor v. State, 970 So. 2d 370, 371 (Fla. 3d DCA 2007).

Reversed and remanded.